SIMPKINS ET AL., APPELLANTS, *v.*
[GENERAL MOTORS CORPORATION,]
DELCO MORAINE DIVISION, APPELLEE.

(No. 7402—Decided December 15, 1981.)

*Clayman & Jaffy Co., L.P.A.,* and *Mr. Walter Kaufmann,* for appellants.

*Young & Alexander Co., L.P.A.,* and *Mr. Neil F. Freund,* for appellee.

BROGAN, J. On or about April 28, 1978, Jimmie Simpkins, an employee of the Delco Moraine Division of the General Motors Corporation (General Motors), sustained injuries while operating a mobile hoist designed and manufactured by General Motors for use by its employees.

Mr. Simpkins applied for and received workers' compensation benefits. In addition, on February 27, 1980, he and his wife filed a complaint in common pleas court against General Motors as the designer and manufacturer of the allegedly defective hoist.

Subsequently, General Motors moved for a summary judgment based upon the exclusivity of workers' compensation as a remedy against employers for work-related injuries. See Section 35, Article II, Ohio Constitution; R.C. 4123.74. Mr. and Mrs. Simpkins contended that the "dual capacity doctrine" exempted this case from the general rule and that R.C. 4123.74 violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Pursuant to a judgment entry filed on June 12, 1981, the trial court granted General Motors' motion for summary judgment.

Mr. and Mrs. Simpkins timely filed an appeal to this court. Appellants have set forth two assignments of error, the first of which is as follows:

"The trial court committed reversible error in granting defendant's motion for summary judgment in that plaintiff's injuries were sustained as a direct result of defendant's dual capacity as the designer and manufacturer of the machinery injur-

ing plaintiff; therefore the workers' compensation bar does not apply to plaintiff's claims."

As provided by Section 35, Article II of the Ohio Constitution and R.C. 4123.74, workers' compensation is the exclusive remedy against an employer for an employee's work-related injuries. The essential element of the workers' compensation legislation is the legal relationship between employer and employee. See *Guy* v. *Arthur H. Thomas Co.* (1978), 55 Ohio St. 2d 183 [9 O.O.3d 138].

However, the dual capacity doctrine exists as an exception to the rule of exclusivity where an employee's injuries do not stem from the employment relationship but from the contact with the employer functioning in another capacity. In such instances, the employer may be subject to liability in that second capacity.

As stated in 2A Larson, Workmen's Compensation Law (1976), 14-112, Section 72.80:

"The decisive dual-capacity test is not concerned with how separate or different the second function of the employer is from the first but with *whether the second function generates obligations unrelated to those flowing from the first, that of employer.*" (Emphasis added.)

The Supreme Court of Ohio considered the applicability of the dual capacity doctrine in *Guy, supra.* Therein, a lab technician contracted mercury poisoning in the course of her employment. She was treated by the hospital in which she worked. Subsequently, she brought an action against the hospital for alleged aggravation of her original condition through negligent failure to diagnose her medical condition.

Viewing the hospital's obligations as arising out of its relationship with the employee as her treating physician rather than as her employer, the court determined that the hospital was subject to an action for negligent treatment.

The question of an employer's liability as a manufacturer of an allegedly defec-

tive product has been addressed by the Sixth Appellate District in *Mercer* v. *Uniroyal, Inc.* (1976), 49 Ohio App. 2d 279 [3 O.O.3d 333], and *Knous* v. *Ridge Machine Co.* (1979), 64 Ohio App. 2d 251 [18 O.O.3d 220].

In *Mercer,* an employee was injured in a collision following a blowout of the left front tire of a truck in which he was riding. The tire had been manufactured by the employer.

Reasoning that, "* * * the hazard was not necessarily one of employment, but was one common to the public in general, * * *" *Mercer* v. *Uniroyal, Inc., supra,* at page 285, the court held that the dual capacity doctrine enabled the employee to bring an action against the employer in its capacity as manufacturer. See, also, *Douglas* v. *E. & J. Gallo Winery* (1977), 69 Cal. App. 3d 103, 137 Cal. Rptr. 797 (an elevator scaffolding on which an employee was working and which was identical in design to equipment manufactured by the employer for sale to the public collapsed).

*Knous* involved the death of an employee who was engaged in servicing a machine manufactured by his employer for use by its employees in production operations. The court found that the hazard was not one to which any member of the general public was subjected, as in *Guy* and *Mercer,* in that the machine was designed and manufactured only for use by the employees of the company. See *Douglas, supra,* where the court specifically limited its holding to defendants who engaged in manufacturing for sale to the general public; *Shook* v. *Jacuzzi* (1976), 59 Cal. App. 3d 978, 129 Cal. Rptr. 496.

The holdings in *Mercer* and *Douglas* have been criticized by Professor Larson as "overlook[ing] the simple fact that the use of the product was a routine and integral part of the employment. Dual capacity requires a distinct separate legal *persona,* not just a separate theory of liability of the same legal person." 2A

Larson, Workmen's Compensation Law (1976), 14-112, Section 72.80 (cumulative supplement, November 1981, at page 193); see, also, *Longever* v. *Revere Cooper & Brass, Inc.* (Mass. 1980), 408 N.E. 2d 857; see, generally, Annotation, 9 A.L.R. 4th 873, Workmen's Compensation Act as Furnishing Exclusive Remedy for Employee Injured by Product Manufactured, Sold or Distributed by Employer.

However, we need not consider the extent to which *Mercer* should be adopted by this court. At best, the dual capacity doctrine subjects an employer to liability as a manufacturer only when the allegedly defective product is available to the general public.

In the present case, the hoist was neither designed nor manufactured for use by the public but was intended solely for use by the company's employees. The dual capacity doctrine clearly is not applicable to such a situation. See, *e.g.,* *DePaolo* v. *Spaulding Fibre Co.* (1979), 119 N.H. 89, 397 A. 2d 1048. Thus, appellants' remedy against the appellee is limited exclusively to workers' compensation benefits.

Appellants' first assignment of error is overruled.

Appellants' second assignment of error is as follows:

"The trial court committed reversible error in granting defendant's motion for summary judgment in that it deprived plaintiff of equal protection of the laws by creating, arbitrarily and unreasonably, a class of plaintiffs injured by defectively designed and manufactured machinery who are barred from access to the courts in Ohio."

Appellants indicate that under Ohio law two classes of employees have been created:

(1) Those injured by a product designed and/or manufactured by his employer which is sold to the general public; and,

(2) Those injured by such a product but, which is not sold to the general public.

No legitimate state interest exists, appellants contend, which would justify permitting civil actions against employer-manufacturers by some employees and not others.

Workers' compensation legislation was enacted to balance the rights, duties and privileges of employers and employees. See Comment, Manufacturer's Liability as a Dual Capacity of an Employer, 12 Akron L. Rev. 747 (1979). As has been noted, the essential element of such legislation is the status of the relevant individuals as "employer" and "employee." See *Guy, supra.*

Further, the key to determining whether an employer-manufacturer may be sued by an employee is whether the employer's status as a manufacturer generates obligations unrelated to those flowing from his employer status. Differentiating between classes of individuals on that basis does not appear to be in violation of any constitutional principles, but is a reasonable method of applying workers' compensation legislation to all reasonable employer-employee relationships while exempting situations involving employers functioning outside their capacity as employer.

When an employer manufactures a product for use by his employees the employer is operating within his traditional capacity as the supplier of tools and equipment to his employees. See *Longever, supra.* When such machinery is manufactured for sale to the public, the employer has obligations to that public independent of its status as employer. While the courts in *Mercer, supra,* and *Douglas, supra,* have been criticized for going beyond the dual capacity doctrine in that the pertinent employees had sustained their injuries during the employment relationship, we cannot say that the courts have made a constitutionally impermissible distinction between employees. See, also, *Allen* v. *Eastman*

*Kodak Co.* (1976), 50 Ohio App. 2d 216 [4 O.O.3d 179].

Appellants' second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KERNS, P.J., and WILSON, J., concur.