**Beverly MILLER, Plaintiff,**

v.

**GO-JO INDUSTRIES, INC., Defendant.**

**No. IP 87-1022-C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

July 28, 1989.

**644**

Leslie P. Simpson, Indianapolis, Ind., for plaintiff.

Jim A. O'Neal, Michael A. Wilkins, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for defendant.

ENTRY GRANTING IN PART AND DE-NYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDG-MENT ON THE BASIS OF THE EX-CLUSIVE REMEDY PROVISION OF THE OHIO WORKMEN'S COMPEN-SATION ACT

TINDER, District Judge.

This cause comes before the court upon the defendant's Motion for Summary Judgment. The court having reviewed the memoranda submitted by the parties and being duly advised hereby GRANTS in part and DENIES in part said motion. In addition, this entry will discuss certain issues not addressed by the parties in their briefs, namely, the questions of whether this cause of action, which arises under section 4121.80 of the Ohio Revised Code, can be tried to a jury and whether the issue of damages can be reached or whether any trial of this cause is limited to the issue of liability.

There are two issues raised by the defendant's Motion in this case. First, the court must decide whether the plaintiff may maintain a products liability action against the defendant employer pursuant to the dual capacity doctrine. Second, the court must determine whether the defendant's conduct may be characterized as intentional so as to bring this case within the intentional tort exception to the exclusivity provision of workmen's compensation. Each issue will be addressed separately.

*I. Dual Capacity Doctrine*

■ Normally, an employee is prohibited from maintaining a cause of action against her employer under the exclusivity provision of the Workmen's Compensation Act.[1] However there is an exception where the employer occupies a second or dual capacity that imposes obligations upon the employer which are independent of the obligations which arise because of its status as an employer. This so called dual capacity doctrine creates a limited exception to the exclusivity provision of workmen's compensation. The plaintiff argues that because Go–Jo Industries (Go–Jo) manufactured the machine which she was working on at the time of her injury in this instance, she is entitled to maintain a products liability suit against the employer in its dual capacity as the manufacturer of the machine. Although the dual capacity doctrine has operated to permit an employee to bring a products liability action against her employer, the doctrine does not extend to the circumstances of this case and the plaintiff may not maintain her products liability action against Go–Jo.

In *Mercer v. Uniroyal, Inc.,* 49 Ohio App. 2d 279, 361 N.E.2d 492 (1976), the Ohio Court of Appeal enunciated the dual

---

1. In its initial brief the defendant argued that either Indiana or Ohio law applies. However, in its reply brief the defendant addresses only Ohio law. The plaintiff maintains that the case is controlled by Ohio law. The accident occurred in Ohio and at the time of the accident all of the parties resided in Ohio. In light of the defendant's reply brief it appears that both parties concede that Ohio law controls and the court so determines.

capacity doctrine. The *Mercer* court noted that where an employer occupies a dual capacity and the employee is injured as a result of a violation of an obligation separate and distinct from the employer's employment obligations, the employee is not precluded from maintaining a cause of action against her employer for her injuries. That is, according to the *Mercer* court, where the initiating cause is not a hazard associated with the employment but is instead a hazard common to the public in general there is no causal connection between the employment and the injury; therefore, the employee is permitted to maintain a cause of action against her employer as would any member of the public. 361 N.E.2d at 496.

The case of *Simpkins v. General Motors Corp.*, 3 Ohio App. 3d 275, 444 N.E.2d 1064 (1981), is instructive on the application of the dual capacity doctrine in this instance. In *Simpkins*, the plaintiff was injured using a hoist which had been manufactured by the defendant employer. The court determined that the employee's exclusive remedy was workmen's compensation. The Ohio Appellate Court stated:

> At best, the dual capacity doctrine subjects an employer to liability as a manufacturer only when the allegedly defective product is available to the general public.
>
> *In the present case, the hoist was neither designed nor manufactured for use by the public but was intended solely for use by the company's employees. The dual capacity doctrine clearly is not applicable to such a situation. Thus, [employees'] remedy against the [employer] is limited exclusively to workers' compensation benefits.*

444 N.E.2d at 1066–67 (emphasis added).

The case at bar is similar to *Simpkins* in that the machine the plaintiff was using at the time of her injury was manufactured by her employer. However, in this case, as in *Simpkins*, the machine was neither designed nor manufactured for use by the general public. The hazard to which the plaintiff was exposed was one that arose out of her employment and not one common to the public. There was a causal connection between her employment and her injury. The dual capacity doctrine is inapplicable to remove the plaintiff's claim from the exclusivity provision of the workmen's compensation act. The defendant's Motion for Summary Judgment as it relates to the plaintiff's products liability claim is well taken and summary judgment on that claim is hereby GRANTED.

*II. Intentional Tort Exception*

■ Plaintiff's next argument in opposition to the Motion for Summary Judgment is that the employer's conduct in this instance was intentional and therefore, the plaintiff's claim is removed from the operation of the exclusivity provision of the Workmen's Compensation Act because of the intentional tort exception. The Ohio Legislature has enacted a statute creating an intentional tort claims fund, administered by the Workmen's Compensation Board, that establishes a procedure for handling employee intentional tort actions in Ohio. In *Kunkler v. Goodyear Tire & Rubber Co.*, 36 Ohio St.3d 135, 522 N.E.2d 477 (1988), the Ohio Supreme Court held that the intentional tort statute applied only to causes of action which accrued after the effective date of the statute, August 22, 1986. In this case, the plaintiff's accident occurred on September 26, 1986. Therefore, her claim for damages alleging that her employer committed an intentional tort against her is governed by Ohio Rev. Code Ann. § 4121.80. Therefore, the court must evaluate the claim that Go–Jo's conduct was an intentional tort under the provisions of the statute.

§ 4121.80(G) provides in relevant part: As used in this section:

"Intentional tort" is an act committed with the intent to injure another or committed with the belief that the injury is substantially certain to occur.

Deliberate removal by the employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance is evidence, the presumption of which may be rebutted, of an act committed with the intent to injure an-

other if injury or an occupational disease or condition occurs as a direct result. "Substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer injury, disease, condition, or death.

All of the Ohio cases interpreting the intentional tort exception to the exclusivity provision of the Workmen's Compensation Act involve actions that accrued prior to the effective date of the statute. The enactment of the statute supercedes the precedential authority of the common law. Therefore, Ohio case law provides little guidance on the interpretation of the statute and the court must rely on traditional rules of construction in its application. The most significant departure from the common law intentional tort exception to the exclusivity provision is the statutory definition of the phrase "substantially certain". The common law interpretation of that phrase in Ohio had permitted the courts, in limited situations, to infer the intent to injure from an employer's conduct, if the injury was substantially certain to occur from that conduct. The statutory definition of substantial certainty, which defines the phrase in terms of intent, was clearly designed to limit even further the cases in which intent to injure could be inferred. However, the legislature left open the possibility that intent could be inferred from certain conduct on the part of the employer when it included this language in the statute: "Deliberate removal by the employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance is evidence, the presumption of which may be rebutted, of an act committed with the intent to injure another if injury or an occupational disease or condition occurs as a direct result." Ohio Rev.Code Ann. § 4121.80(G). It now becomes incumbent upon the court to evaluate the plaintiff's claim that the employer's conduct was intentional in this case in light of the somewhat conflicting signals present in the statute.

The evidence presented in this case suggests that the machine the plaintiff was using at the time of her accident was not equipped with an available final safety device. The machine was being operated with an interim safety device. The failure to install available safety equipment is no different than the removal of a safety device. Nothing in the Ohio statute suggests that the intentional failure to install a safety device is a distinct legal act from the removal of a previously installed device. Otherwise, employers would never install safety devices, even when it was known that the absence of the device would cause injury. Liability for an intentional tort cannot be avoided by such an absurd distinction, at least not under a fair construction of this statute. The failure to install a safety device is to be treated as a situation which is expressly included within the statutory language as conduct sufficient, absent rebuttal on the part of the defendant, to satisfy the inference that the defendant intended the injuries that resulted from its conduct. At the summary judgment stage in rebuttal to the presumption of intent arguably created by the failure to install safety equipment, the defendant presented evidence of training and supervision the plaintiff received on the proper operation of the machine with an interim safety device. The evidence submitted at this point, which must be construed in the light most favorable to the plaintiff, gives rise to a presumption of substantial certainty that the injury would result from the defendant's failure to install the final safety feature on the machine at issue. The evidence that the defendant offers concerning training, supervision and warning is only sufficient to create an issue of fact of whether the defendant's conduct in this case can be characterized as an intentional tort. The court is not permitted to weigh the conflicting evidence in this case and summary judgment is not appropriate at this time. The defendant's Motion for Summary Judgment as it is directed to the plaintiff's intentional tort claim is hereby DENIED. Genuine issues of fact exist as to whether the plaintiff's injury was substantially certain to result from the defendant's conduct and whether the plaintiff can recover under Ohio Rev.Code Ann. § 4121.80.

### III. Jury Trial Issue

■ Finally, the court must address certain issues that arise because of its interpretation that the case is controlled by § 4121.80, namely, whether this cause should be tried to a jury and whether the trial is limited to the issue of liability. The provision of the statute which creates these questions provides in relevant part

> In any action brought pursuant to this section, the court is limited to a determination as to whether or not the employer is liable for damages on the basis that the employer committed an intentional tort. If the court determines that the employee or his estate is entitled to an award under this section and that determination has become final, the industrial commission shall, after hearing, determine what amount of damages should be awarded.

Ohio Rev.Code Ann. § 4121.80(D). The statute indicates that the court and not a jury is to be the trier of fact. It also provides that the court's analysis is limited to the issue of liability and that damages, if any are supported, are to be set by the industrial commission. The court must determine whether to follow the state law rules under the doctrine of *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny. With respect to the Ohio provision requiring that the court decide the issue of whether an employer committed an intentional tort, the *Erie* doctrine indicates that the federal rule and not the state rule controls. In *Byrd v. Blue Ridge Rural Elec. Coop., Inc.,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958), the Supreme Court held that notwithstanding a contrary state rule, the federal practice of resolving factual disputes by a jury is to be followed. Therefore, this case will be tried to a jury even though the same issue would be tried to the court in Ohio.

### IV. Trial on Liability Only

■ The second question of whether the trial will be limited to the issue of liability is more troubling. The court has not found a case directly on point with respect to whether state statute is controlling in this instance. However, after considering the Ohio requirement that the fact-finder determine only the issue of liability, the court has decided that it is bound by the Ohio provision. In *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the Supreme Court enunciated the twin aims of *Erie,* the discouragement of forum-shopping and the avoidance of inequitable administration of the laws. That is, *Erie* was essentially designed to ensure that the outcome of litigation tried in federal court on the basis of diversity yield substantially the same result as cases tried in state court. If this court were to permit the fact-finder to determine the issue of damages as well as the issue of liability, the court would be permitting the possibility that the result for the plaintiff in this case would vary substantially from the result if her case were to be tried in an Ohio court on liability, and then sent to the Board for an award of damages. The amount of damages that a jury might award herein could be quite different from the amount the industrial commission would award. The industrial commission is presumably experienced in evaluating intentional tort claims, and awarding the appropriate amount of damages, if any, in a case, taking into account the damages awarded in similar cases. A jury would have no such frame of reference. The limitation that the fact-finder try only the issue of liability in conjunction with the statutory limitation on the amount of damages that may be awarded by the industrial commission are substantive under the *Erie* doctrine. Therefore, the state law controls and the jury in this case will try only the issue of liability.