**Walter S. SMITH, et al., Plaintiffs,**

v.

**TAYLOR RENTAL, et al., Defendants.**

**No. C2-89-615.**

United States District Court,
S.D. Ohio, E.D.

June 4, 1990.

James Blumenstiel, Columbus, Ohio, for plaintiffs.

David Patterson, David Kelleher, John Mahota, Columbus, Ohio, for defendants.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court pursuant to Defendant, Tribble & Stephens Company's ("T & S") Motion for Summary Judgment. On November 7, 1989, Plaintiff, Walter S. Smith ("Smith") filed a memorandum contra to which Defendant filed a reply memorandum and a motion to strike.

This is a personal injury/products liability case that is brought before this Court by virtue of the parties' diversity of jurisdiction, 28 U.S.C. § 1332. The issue before this Court is whether summary judgment for the defendant is warranted based upon the Ohio Supreme Court's re-

cent holding in *Schump v. Firestone Co.*, 44 Ohio St.3d 148, 541 N.E.2d 1040 (1989). The *Schump* case and holding addressed the issue of dual-capacity.[1]

## FACTS

The underlying facts do not seem to be in dispute. On August 18, 1987, the plaintiff Smith was employed by the defendant T & S. While working for T & S, and within the scope of his employment, Smith was spraying gasoline on styrofoam adhering to the walls of a concrete fountain in order to remove the styrofoam. Another employee of T & S was told to operate an electric chipping hammer to remove concrete in the vicinity of Plaintiff Smith. Plaintiff contends that the co-worker was told to operate the electric chipping hammer in spite of the fact the hammer had a history of emitting a "big blue spark". The co-worker began to use the hammer, and immediately upon pulling the trigger there was a gasoline explosion. The plaintiff incurred severe injury.

## STANDARD OF REVIEW

In considering this motion, the Court is mindful that the standard for summary judgment "mirrors the standard for a directed verdict under [Rule 50(a)], which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) citing *Brady v. Southern Ry. Co.*, 320 U.S. 476, 479–480, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943). Thus, the Supreme Court concluded in *Anderson* that a judge considering a motion for summary judgment must "ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." 477 U.S. at 252, 106 S.Ct. at 2512.

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In essence, the inquiry is whether the evidence presented a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. 477 U.S. at 252, 106 S.Ct. at 2512.

Such an inquiry necessarily implicates the evidentiary standard of proof that would apply at the trial on the merits. As a result, the Court must view the evidence presented through the prism of the substantive evidentiary burden. Rule 56(e) therefore requires that the nonmoving party go beyond the pleadings and by their own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (emphasis added). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

In *Banks v. Rockwell International N. Am. Aircraft Operations*, 666 F.Supp. 1053 (S.D. Ohio 1987), this district Court, Graham, J., enunciated the importance of granting summary judgments in appropriate situations:

1. Dual–Capacity is a legal theory first recognized in *Guy v. Arthur H. Thomas Co.*, 55 Ohio St.2d 183, 9 O.O.3d 138, 378 N.E.2d 488 (1978). It provides that where an employer occupies a second or "dual-capacity", that confers upon the employer additional obligations unrelated to

and independent of those imposed upon it as an employer, and thus, the employee is not barred by either Section 35 of Article II of the Ohio Constitution or O.R.C. § 4123.74, Ohio Workers' Compensation Law, from recovering in tort.

"Although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed to secure the just, speedy and inexpensive determination of every action." Citing: *Celotex Corp. v. Catrett*, 477 U.S. 317, at 324, 106 S.Ct. 2548, at 2553 (quoting Fed.R.Civ.P. 1); *Anderson*, 477 U.S. 242, at 252, 106 S.Ct. 2505, at 2512.

■ Thus, the mere existence of a scintilla of evidence in support of a plaintiff's claim is insufficient—there must be evidence upon which a jury could reasonably find for the plaintiff. Having discussed the Rule 56 standard of review, the Court now turns to the merits.

## ANALYSIS

The defendant, T & S, filed a motion for summary judgment arguing that Plaintiff Smith applied for and received Workers' Compensation benefits. By receiving Workers' Compensation benefits, Defendant argues that this suit is barred by Ohio Revised Code Section 4123.74, which provides in pertinent part as follows:

[Except as authorized in § 4121.80 [2] of the Revised Code] Employers who comply with § 4123.35 [3] of the Revised Code shall not be liable to respond in damages at common law or by statute for any injuries, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval of time in which such employer is permitted to pay such compensation directly to his injured employees or the dependents of his killed employees, whether or not such injury, occupational disease, bodily condition, or death is compensable under §§ 4123.01 through 4123.94 of the Revised Code.

As previously stated, defendant's motion for summary judgment also addresses the issue of dual-capacity. Specifically the defendant relies on the Supreme Court's decision in *Schump v. Firestone Co.*, 44 Ohio St.3d 148, 541 N.E.2d 1040 (1989), to argue that the dual-capacity doctrine is not applicable in the instant case. Therefore, the defendant simply argues that the suit is barred by statute, and the dual-capacity doctrine is not applicable, thus it cannot carve out an exception.

Defendant is correct in its assessment that since the plaintiff received Workman's Compensation benefits, a fact which is not in dispute, Plaintiff is typically barred by Section 4123.74 of the Ohio Revised Code from bringing a suit in tort. There are, however, two recognized exceptions to the bar which are, an intentional tort by the employer or the dual-capacity doctrine. Plaintiff has not alleged an intentional tort by the Tribble & Stephens Company, and any intentional tort claim would most likely be barred by the one year statute of limitations provided for in O.R.C. § 4121.80. Therefore, for purposes of the instant motion filed by Defendant T & S, this Court need only address whether the plaintiff can go forward under the dual-capacity doctrine.

■ To determine whether the dual-capacity doctrine is available the Court must first decide "whether the employer stepped out of his role as such, and had assumed another hat or cloak * * *." *Freese v. Consolidated Rail Corp.*, 4 Ohio St.3d 5, 4 O.B.R. 5, 445 N.E.2d 1110 (1983). The Ohio Supreme Court in a subsequent case further provided as follows: " * * * [I]n order for the dual-capacity doctrine to apply, there must be an allegation and showing that the employer occupied two independent and unrelated relationships with the employee, that at the time of these roles of the employer there were occasioned two different obligations to this employee, and

2. The code section provides that the employee may have additional claims if injury, occupational disease, or death are the result of an intentional tort.

3. The code section provides that employers (as defined in O.R.C. § 4123.01(B)), and publicly owned utilities shall semiannually pay into the state insurance fund, an amount of premium fixed by the Industrial Commission.

that the employer had during such time assumed a role other than that of employer." *Bakonyi v. Ralston Purina Co.*, 17 Ohio St.3d 154, 157, 17 O.B.R. 356, 358, 478 N.E.2d 241, 243–244 (1985).

In *Schump*, the Ohio Supreme Court expressly accepted the view provided in *Weber v. Armco, Inc.*, 663 P.2d 1221, 1226–1227 (Okl.1983), which states:

" * * * The decisive dual-capacity test is not concerned with how separate or different the second function of the employer is from the first, but whether the second function generates obligations unrelated to those flowing from that employer. This means that the employer must step outside the boundaries of the employer-employee relationship, creating separate and distinct duties to the employee; the fact of injury must be incidental to the employment relationship." *See also, Schump*, 44 Ohio St.3d at 152, 541 N.E.2d 1040.

The defendant argues that the tests and standards set forth in *Schump, Freese*, and *Bakonyi* reflect that the dual-capacity doctrine is not available in the instant case. Defendant contends that the doctrine is preserved for those fact patterns where it is clear that the employer has accepted a new role or function as it relates to the employee. Typically the new relationship, apart from the employer-employee status, can be labeled, e.g. client-patient, manufacturer-consumer, etc.

In response, the plaintiff provides that the jackhammer, which was partially responsible for the injury, was rented by Defendant T & S from co-defendant Taylor Rental. The rental was pursuant to the terms of a written rental contract between the defendants. The plaintiff then argues that the contract to rent the hammer created duties between the plaintiff and defendant that were independent of any employer-employee relationship, and that these new duties created a separate relationship. For example, the rental contract required that the renter (T & S) use the electric hammer "only for the purpose for which the item was manufactured and intended." Presumably, plaintiff would then contend

that T & S had the additional duty of maintaining that the jackhammer was used "only for the purpose for which the item was manufactured and intended," and this duty was owed T & S' employees. Plaintiff extends his logic to provide that the terms of the rental agreement and the duties incident thereto create an "independent and unrelated" relationship whereby the defendant may be held liable for its failure to meet those independent duties, notwithstanding Ohio's Workers Compensation Law.

Plaintiff's memorandum is certainly original yet unpersuasive. Although the plaintiff maintains that the employer and employee, defendant and plaintiff, "stepped out of their roles ... to assume another hat or cloak," *Freese*, 4 Ohio St.3d at 11, 445 N.E.2d 1110, the plaintiff fails to set forth the new "independent and unrelated relationships", *Bakonyi*, 17 Ohio St.3d at 157, 478 N.E.2d 241, that these parties assumed. In *Guy v. Arthur H. Thomas Co.*, 55 Ohio St.2d 183, 378 N.E.2d 488, for comparative purpose, the Court held that the plaintiff could bring an action under the dual-capacity doctrine. This was a suit of medical malpractice against a hospital. The Court held that by providing treatment to the employee, the relationship of employer-employee coexisted with a hospital-patient relationship. These two relationships were unrelated and independent. In the instant matter no new relationship existed as a result of the rental agreement, only new duties, and arguably these duties were exclusive to the co-defendants. As such, the plaintiff was unable in his memorandum to define any new relationship. Still, the plaintiff argues that the terms of the rental agreement gave rise to additional duties which in turn gave rise to a new relationship. Without more, this Court cannot find that a second function existed that generates obligations in addition to those found in the employment relationship. Additional duties, such as those plaintiff maintains are provided for in the rental agreement, do not in and of themselves create a separate relationship for purposes of the dual-capacity doctrine. All actions and duties before this Court are

clearly within the scope of the plaintiff's employment and within the employer-employee relationship.

As such, this Court is of the opinion that the dual-capacity doctrine does not apply to the facts of this case. Therefore, Plaintiff's claim against the employer, Tribble & Stephens Company, is barred by Ohio Revised Code Section 4123.74. Based on the foregoing findings of fact and conclusions of law Plaintiff's Motion for Summary Judgment is hereby GRANTED, and the suit as to Defendant Tribble and Stephens Company is hereby DISMISSED.

IT IS SO ORDERED.