JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Heath Jessop is appealing the trial court granting summary judgment to defendants-appellees, Angelo Benedetti, Inc. and Angelo Benedetti, Jr., president of Benedetti Inc. (collectively, "defendant"). Plaintiff is specifically appealing "the grant of summary judgment on appellant's statutory strict products liability claims, Counts II, IV and VI of the Amended Complaint." (Plaintiff's brief at 5). For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On August 5, 1998, plaintiff was working for defendant in its asphalt paving business. Plaintiff was told to enter one of defendant's large pieces of paving equipment called a "Drum Mixer Recycler 2" (the "Machine") in order to service/clean it. The parties agree that the defendant designed and fabricated the Machine for use in its business.
 {¶ 3} The record shows that in addition to developing the Machine, defendant also developed other pieces of equipment used in its business, including some pieces that were offered for sale as used equipment in industry magazines. There is no evidence, however, that the Machine was ever advertised for sale to the public.
 {¶ 4} On August 5th, after plaintiff entered the Machine, his boot became caught in one of the machine's rotating auger blades. Plaintiff suffered severe injuries, including the eventual partial amputation of his leg.
 {¶ 5} After applying for and receiving workers compensation benefits, plaintiff filed a lawsuit against defendant in which he asserted a variety of claims.[1] Pertinent to the issues before this court are plaintiff's claims for strict products liability based on design defect (count II), strict products liability based on failure to warn/instruct (count IV), and, strict products liability based upon manufacturing defects (count VI). On all three claims, plaintiff's complaint alleges defendant is liable to him under the "dual capacity doctrine" and thus defendant cannot assert employer immunity[2] in defense to claims sounding in strict products liability. Defendant filed a motion for summary judgment in which it argued that, under Civ.R. 56, plaintiff's strict products liability claims (counts II, IV, and VI) had to be dismissed because plaintiff could not meet his evidentiary burden showing that the dual capacity doctrine applied to either defendant.
 {¶ 6} Defendant further argued that, as a matter of law, plaintiff's claims were also barred because under the workers' compensation statutes, R.C. 4123.74 and R.C. 4123.741, both defendants had immunity, which could not be disturbed by the dual capacity doctrine because the Industrial Commission had previously deemed plaintiff's injuries compensable.
 {¶ 7} The trial court agreed with defendant and granted its motion for summary judgment. The trial court gave two reasons in its order. The court determined that plaintiff had not met his evidentiary burden under Civ.R. 56 because he was unable to show that the dual capacity doctrine applied to the facts in the case. The court also determined that, regardless of the dual capacity doctrine, both defendants had immunity as a matter of law, because plaintiff applied for and was receiving workers' compensation benefits. Accordingly, the court granted summary judgment to defendant on plaintiff's strict products liability claims, counts II, IV, and VI, of the complaint.[3]
 {¶ 8} Plaintiff filed this timely appeal in which he presents four assignments of error, all of which are related to the trial court granting summary judgment to defendant. Because plaintiff's first two assignments of error relate to his products liability claims and the dual capacity doctrine, we will address them together.
 {¶ 9} First assignment of error — the trial court erred in granting summary judgment to defendant-appellees on plaintiff-appellant's claims for strict product liability brought under Ohio revised code 2307.71
et seq.
 {¶ 10} Second assignment of error — the trial court erred in applying the Ohio supreme court's decision in Schump v. Firestone Tire Rubber Co., in violation of public policy and in derogation of the legislative intent of the workers' compensation act.
 {¶ 11} According to plaintiff, the trial court erred by granting defendant summary judgment because there remain genuine issues of material fact on whether, under the dual capacity doctrine, (1) defendant, as his employer, nonetheless, also occupied a separate identity as the designer and manufacturer of the Machine under R.C. 2307.71
et seq.; and (2) plaintiff was injured while acting within the scope of his employment.
 {¶ 12} Plaintiff also claims that summary judgment was unwarranted because R.C. 4123.74 or 4123.741 is unconstitutional insofar as it grants immunity to his employer. The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court: on appeal, therefore, the review is de novo. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Rule 56(C) of the Ohio Rules of Civil Procedure provides that summary judgment is proper only if the trial court determines that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, viewed most strongly in favor of the non-moving party, that reasonable minds can come to but one conclusion and that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267.
 {¶ 13} Under the rule and the controlling case law of Ohio, the moving party must support the motion with affirmative evidence in order to meet its burden of proving that no genuine issue of material fact exists for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280,662 N.E.2d 264; Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115,510 N.E.2d 1108. The burden of establishing that no genuine issues as to any material fact remain to be litigated is on the party moving for summary judgment. Turner v. Turner (1993), 67 Ohio St.3d 337, 340,617 N.E.2d 1123; Fyffe, supra. Once a party moves for summary judgment and has supported the motion by sufficient and acceptable evidence, the party opposing the motion has a reciprocal burden to respond by affidavit or as otherwise provided in Civ.R. 56(C), setting forth specific facts explaining that a genuine issue of material fact exists for trial.Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48,52, 567 N.E.2d 1027; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798.
 {¶ 14} A motion for summary judgment forces the nonmoving party to produce evidence on all issues for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. However, it is the moving party who bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. Dresher, supra.
 {¶ 15} Typically, claims related to injuries sustained in the course of employment are addressed exclusively by the Ohio's Workers' Compensation statutes.[4] See Johnson v. BP Chems., Inc., (1999)85 Ohio St.3d 298, 707 N.E.2d 1107.
 {¶ 16} In the case at bar, however, plaintiff contends that defendant acted in a dual capacity; defendant acted as his employer and the designer/manufacturer of the Machine. Under this doctrine, plaintiff claims that because defendant designed and developed the Machine, defendant no longer functioned merely as his employer, but acted, rather, in the separate and distinct capacity of a designer/manufacturer under R.C. 2307.71 et seq.
 {¶ 17} According to plaintiff, because defendant stepped outside the role of employer when it developed the Machine, plaintiff should be permitted to pursue his products liability claims against defendant, just like any other person who suffers harm because of a defective product. Plaintiff insists the dual capacity doctrine applies to the facts in this case and, even though he applied for and has been receiving workers' compensation benefits, defendant should not have immunity simply because it paid premiums into the workers' compensation fund. Plaintiff maintains thus that under the dual capacity doctrine defendant can be held strictly liable under R.C. 2307.71 et seq., Ohio's products liability statute.
 {¶ 18} R.C. 2307.01 states that a manufacturer or a supplier may be held strictly liable for a "product" under certain conditions. R.C.2307.71 defines a "product" as "any object, substance, mixture, or raw material that constitutes tangible personal property and that satisfies all the following: "(a) It is capable of delivery itself, or as an assembled whole in a mixed or combined state, or as a component or ingredient; (b) It is produced, manufactured, or supplied for introduction into trade or commerce; (c) It is intended for sale or lease to persons for commercial or personal use."
 {¶ 19} As a threshold matter, we note that plaintiff has not presented any evidence that the Machine, in any way, satisfies the statute's definition of "product." To the contrary, the undisputed evidence shows that defendant designed and developed the Machine for exclusive use by its employees solely in its paving business. In the record before us, there is no evidence satisfying Civ.R. 56, to indicate the Machine was ever "produced, manufactured, or supplied for introduction into trade or commerce" or "intended for sale or lease to persons for commercial or personal use." The mere fact that defendant developed the Machine, without more, is simply not enough evidence to establish the Machine as a "product" under the statute. On this point alone, plaintiff's statutory claims against defendant for strict products liability fail completely.
 {¶ 20} Even assuming the Machine did qualify as a "product" under the statute, plaintiff does not meet the requisite test under the dual capacity doctrine and Civ.R. 56. Under Ohio law, employers who comply with the Workers' Compensation Act are granted immunity from civil liability for unintentional employment-related injuries. In relevant part, R.C. 4123.74 states: "Employers who comply with Section 4123.35 of the Revised Code shall not be liable to respond to damages at common law or by statute for any injury * * * received or contracted by any employee in the course of or arising out of his employment * * *."
 {¶ 21} In the case at bar, plaintiff argues that statutory immunity pursuant to R.C. 4123.74 is inapplicable under the dual capacity doctrine. This doctrine is a narrow exception to employer immunity under workers' compensation. Under the dual capacity doctrine, "an employer normally shielded from tort liability * * * may become liable in tort to his own employee if he occupies * * * a second capacity that confers on him obligations independent of those imposed as employer."[5] Freesev. Consolidated Rail Corp. (1983), 4 Ohio St.3d 5, 8, 445 N.E.2d 1110,1112.
 {¶ 22} The Ohio Supreme Court explained, in order for an employer to fall within the dual capacity doctrine, "it must step outside the boundaries of the employer-employee relationship, creating separate and distinct duties to the employee; the fact of injury must be incidental to the employment relationship." Schump v. Firestone Tire Rubber Co.
(1989), 44 Ohio St.3d 148, 152, 541 N.E.2d 1040, 1044-45.
 {¶ 23} Furthermore, "in order for the dual-capacity doctrine to apply, there must be an allegation and showing that the employer occupied two independent and unrelated relationships with the employee, that at the time of these roles of the employer there were occasioned two different obligations to this employee, and that the employer had during such time assumed a role other than that of employer." Schump, supra at 151.
 {¶ 24} If, however, the injury is caused predominantly by the employment relationship and not by an independent relationship, the doctrine of dual capacity is inapplicable. Schump, supra; See, Bakonyiv. Ralston Purina Co. (1985), 17 Ohio St.3d 154, 157-58, 478 N.E.2d 241.
 {¶ 25} In Schump, for example, the worker was employed as a truck driver at a Firestone Retread Center. He was injured when a front tire on his truck blew out. The tire was manufactured by Firestone. As in the case at bar, the employer had designed and manufactured the device that caused his injury. The Supreme Court enunciated the following principle: "it is universally held that where an employer designs and manufactures a product for use by its employees and not for sale to the general public, an employee injured while using that product within the scope of his employment may not maintain a products liability action against his employer under the dual-capacity doctrine on the theory that the employer assumed an independent role as manufacturer."
 {¶ 26} The Supreme Court discussed the public policy considerations in holding manufacturers accountable for injuries occasioned by product defects. However, the Supreme Court explained, "to allow an employee to sue his employer for injuries which are predominately work-related, and for which, as here, the employee has received workers' compensation benefits, would be to elevate the public policy on which products liability is based over the constitutional imperative contained in Section 35, Article II of the Ohio Constitution," which provides for workers' compensation benefits.
 {¶ 27} The court provided the following analysis: What "`matter[s] is that, as to this employee, the product was manufactured as an adjunct of the business, and furnished to him solely as an employee, not as a member of the consuming public. What the employer does with the rest of his output could not change this central fact. * * *' (Emphasis sic.)"Schump, citing 2A Larson, Law of Workmen's Compensation (1988), at 14-241, Section 72.81(c).
 {¶ 28} In the case at bar, plaintiff contends that, when he was injured by the Machine developed by defendant, defendant at that moment occupied an independent relationship to him apart from its role as his employer. When he was injured, plaintiff maintains, defendant assume the independent role of designer/manufacturer of a defective product, namely, the Machine.
 {¶ 29} Specifically, plaintiff argues that the instruction to service the Machine fell outside the parameters of his actual job responsibilities as a "pre-heater" operator and thus he could not have been using the Machine within the scope of his employment. We disagree.
 {¶ 30} First, plaintiff has not produced any evidence that he had a job description or responsibilities which did not allow him to service the Machine. Plaintiff's conclusory statement is unsupported by the type or quality of evidence required by Civ.R. 56.
 {¶ 31} Second, the issue is not whether he was in the "scope of employment." There is no dispute that the employer made the Machine in which he was injured accessible to the worker and ordered him to work on the Machine.[6] Whether his duties were different or other than normal, they were, nevertheless, duties performed at the direction of his employer, and the employer's conduct arose out of the employment relationship. The Machine in the case at bar can be analyzed in the same way the Supreme Court analyzed the Firestone tires in Schump, supra: the Machine "was furnished to [him] solely as an employee, not as a member of the consuming public." Schump, supra at 152.
 {¶ 32} Plaintiff mistakenly relies upon Blackburn v. JobstInstitutes, Inc. (July 19, 1991) Lucas App. No. L-90-130. In Blackburn
the worker was diagnosed with phlebitis of the right leg and Raynaud's Syndrome. She claimed that her condition resulted from wearing custom-made support hose around the plant for several hours per day at the request of her employer to test the stockings. The employer responded that the worker was hired to handle customer complaints, not to test stockings. The worker maintained that she was injured in her role as a consumer while the employer was functioning in its role as manufacturer. The trial court decided there was no dual capacity, on the basis that she had accepted workers' compensation benefits for her injuries. Finding that reason erroneous, the appellate court observed that the Industrial Commission had never ruled on whether the worker's eligibility arose from her stocking-testing duties as opposed to her duties as a clerical worker. Thus the issue in Blackburn, that is, reliance upon the Commission decision, was not the same as in the case at bar.
 {¶ 33} The Sixth District correctly explained that "it is possible for an employee to bring a cause of action in tort against an employer even though the employee was pursuing the employer's business at the time of the injury and had been awarded workers' compensation benefits. Walkerv. Mid-States Terminal (1984), 17 Ohio App.3d 19." Blackburn at 3. Further citing Walker, the court explained: "`The intentional tort claim was allowed based on the distinction `whether the employer's conduct
arose out of the employment and not whether the injury occurred in the course of employment.' Id. At 25.
 {¶ 34} Given all the foregoing evidence, we must conclude, as did the trial court, that there are no genuine issues of material fact about whether defendant's conduct arose out of the plaintiff's employment relationship. From the record before us, reasonable minds can conclude only that the Machine was furnished to plaintiff solely as an employee when he was injured. Consequently, the trial court did not err in granting defendants' motion for summary judgment and in thereby determining that the dual capacity doctrine did not apply to the facts in this case and that plaintiff's statutory claims against defendant for strict products liability have no merit.
 {¶ 35} In addition, plaintiff argues the trial court erred in deciding that the dual capacity doctrine did not apply to defendant, Mr. Benedetti, personally[7] because Mr. Benedetti was a "fellow employee" who had the same immunity as the company under R.C. 4123.741.
 {¶ 36} R.C. 4123.01(A)(1) and (B) define the terms "employee" and "employer." R.C. 4123.01(A)(1)(b) defines "employee" in pertinent part as follows: "Every person in the service of any person, firm, or private corporation, including any public service corporation, that (i) employs one or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied, oral or written * * *." Plaintiff claims that if an employee occupies a supervisory or management-type position, then that employee cannot avail himself of the statute's immunity. We reject this argument.
 {¶ 37} Generally, the dual capacity doctrine applies to any employee of an "employer" defined in R.C. 4123.74. R.C. 4123.741 provides the same kind of immunity to any individual employee of an employer who participates in the state's workers' compensation fund. See, 4123.01(B). Under the plain language of the statute, regardless of an employee's rank, The Workers Compensation Act's definition of "employee" applies to "every person" in the service of an employer * * *." Smith v. WestsideCommunity House (Dec. 26, 1991), Cuyahoga App. No. 59306, citing Jarvisv. Schindler (1984), 20 Ohio App.3d 227.
 {¶ 38} Plaintiff's first two assignments of error are overruled.
 {¶ 39} Third assignment of error — the trial court erred in applying Ohio revised code 4123.74 and 4123.741 in violation of plaintiff-appellants [sic] right to an adequate remedy under Article I, Section 16 of the Ohio constitution.
 {¶ 40} Fourth assignment of error — the trial court erred in applying Ohio revised code 4123.74 and 4123.741 in violation of plaintiff-appellant's right to equal protection under theFourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio constitution.
 {¶ 41} According to plaintiff, the application of both workers' compensation statutes R.C. 4123.74 and 4123.741, under the facts of this case, violates the Ohio Constitution. First, plaintiff argues that the workers' compensation statutes deny him an adequate remedy because they do not account for his pain and suffering and any punitive damages. Plaintiff also argues that "precluding an employee from maintaining a products liability action" solely because of his status as an employee violates the equal protection clause both of the United States Constitution and of the Ohio Constitution, because the statutes treat him differently because he is an employee. Plaintiff, however, offers no legal authority for this position, nor do we find any such authority.
 {¶ 42} Plaintiff is correct in his understanding that workers' compensation was enacted as a "trade-off" "to relieve employees of the burden to prove negligence and eliminate the common law defenses to negligence liability." Brief p. 31. In that trade off, remedies were limited. What plaintiff has ignored, however, is that by means of the intentional tort the courts have expanded the remedies for workers when the danger the worker is exposed to is a result of more than negligence. Under intentional tort, the worker could be compensated for his pain and suffering and also receive punitive damages. Plaintiff, therefore, has failed to show how the remedies available to him are inadequate.
 {¶ 43} Moreover, plaintiff has not produced any evidence that the Machine is a "product" under the products liability statute, R.C. 2307.71
et seq.[8] Without a "product," plaintiff has no standing to challenge the constitutionality of either statute. "It is rudimentary that, in order for one to have a right to challenge a statute upon a constitutional basis, the person posing such a challenge must, in fact, be adversely affected by that statute. Palazzi v. Estate of Gardner
(1987), 32 Ohio St.3d 169, 512 N.E.2d 971." McKenney v. Hillside DairyCc. (1996), 109 Ohio App.3d 164, 175, 671 N.E.2d 1291. The Palazzi court held "the constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not been injured by its alleged unconstitutional provision." Palazzi
id., syllabus. Standing to challenge the constitutionality of a statute requires demonstration of concrete injury in fact, rather than an abstract or suspected injury. State ex rel. Consumers League of Ohio v.Ratchford (1982), 8 Ohio App.3d 420, 424, 457 N.E.2d 878." State v.Barnes (Jan. 11, 2001), Cuyahoga App. No. 77078.
 {¶ 44} In the case at bar, plaintiff claims to be adversely affected by both statutes because they prevent him from suing either defendant for strict products liability under R.C. 2307.71 et seq. We have already determined that the Machine is not a "product" under the strict products liability statutes. Without a "product," plaintiff is unable to show an adverse effect related to either statute. Accordingly, Plaintiff does not have standing to challenge the constitutionality of either R.C. 4123.74 or 4123.741.
 {¶ 45} Plaintiff's third and fourth assignments of error are overruled. The judgment of the trial court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., and TERRENCE O'DONNELL, J., CONCUR.
[1] Plaintiff filed an amended complaint on June 20, 2000. It is this amended complaint and three of the claims set forth therein (counts II, IV, VI) which are the subject of this appeal. Apart from the claims at issue here, plaintiff also asserted six other claims which are not part of this appeal. On November 19, 2002, the trial court determined there was no just reason for delaying this appeal.
[2] See the Workers' Compensation Act, specifically R.C. 4123.74 and4123.741.
[3] In granting defendant's motion for summary judgment, the trial court also granted summary judgment to defendant on three of plaintiff's claims, including counts III, V, and VII, all of which alleged defendant's liability in common law negligence for defective product. The court, however, did not rule on count I of plaintiff's complaint for intentional tort against defendant or counts VIII IX against unknown John Doe defendants for supplier liability. During the pendency of this appeal, these three claims are stayed.
[4] An exception to the exclusive nature of worker's compensation law is the intentional tort claim an employee may assert against an employer.
[5] R.C. 4123.01(A)(1) and (B) defines the terms "employee" and "employer." R.C. 4123.01(A)(1)(b) defines "employee" in pertinent part as follows: "Every person in the service of any person, firm, or private corporation, including any public service corporation, that (i) employs one or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied, oral or written * * *."
[6] Plaintiff's own expert describes plaintiff as having been injured while at work. (Harkness affidavit para. 10)
[7] Plaintiff's claims against Mr. Benedetti, individually, sound in strict products liability because he developed the Machine.
[8] Nor need we address the merits of the earlier argument regarding the adequacy of the remedy, because that claim also rests on a claim of product liability.