PALAZZI, APPELLANT, *v.* ESTATE OF GARDNER ET AL., APPELLEES.

[Cite as Palazzi *v.* Estate of Gardner (1987), 32 Ohio St. 3d 169.]

(No. 86-1265—Decided August 26, 1987.)

*Schaengold & Stephens* and *Gary C. Schaengold,* for appellant.

*Dinsmore & Shohl, Wiley Dinsmore, Elizabeth D. Brain, Rathman, Combs, Schaeffer, Valen & Kaup* and *William E. Rathman,* for appellees.

SWEENEY, J. The instant appeal calls into question the constitutionality of the notice provisions governing Ohio probate proceedings. Probate of a will in Ohio involves a bifurcated process. R.C. Chapter 2107 governs, among other things, the execution and pro-bate of wills within the state. R.C. 2107.13 prescribes the procedure by which notice of the probate proceeding is to be given to interested parties. It provides:

"No will shall be admitted to probate without notice to the surviving spouse known to the applicant, and to the persons known to the applicant to be residents of the state who would be entitled to inherit from the testator under sections 2105.01 to 2105.21 of the Revised Code, if he had died intestate."[1]

Further, R.C. 2703.14(E) permits the utilization of constructive notice with respect to certain individuals and entities. It states in relevant part:

"Service may be made by publication in any of the following cases: * * * (E) In an action to establish or set aside a will, when the defendant is not a resident of this state or his place of residence cannot be ascertained."

It is undisputed that appellant was not afforded actual notice of the admission of the will to probate.[2] Appellant contends that he did not become aware of the death of his grandfather "until 1984." On April 29, 1985, he brought

---

[1] The version of R.C. 2107.13 in effect at the time the will in question was admitted to probate provided:

"No will shall be admitted to probate without notice to the surviving spouse and to the persons known to the applicant to be residents of the state who would be entitled to inherit from the testator under sections 2105.01 to 2105.21, inclusive, of the Revised Code, if he had died intestate. Notice need not be given to any person who would be entitled to inherit from the testator solely by reason of relationship to a deceased spouse of the testator." (127 Ohio Laws 36.)

[2] The application for probate and the accompanying consent form indicate that waiver of notice was obtained from Mazie R. Gardner, the surviving spouse of testator, and Robert B. Gardner, Jr., the son of testator. It is uncertain from the record whether notice to appellant by publication was attempted. If such were the case, presumably such notice would have been placed in a newspaper of general circulation serving the community wherein the testator was a resident at the time of his death. Appellees maintain that appellant "has failed to allege any service-by-publication of notice to establish the will in issue and thus has failed to show that section 2703.14(E) of the Ohio Revised Code has any relevance in this action." However, the crucial inquiry is not whether service by publication was undertaken, but rather whether appellant was afforded notice reasonably calculated so as to apprise him of the proceeding. Service by publication, if it were attempted at all, would certainly be preferable to a total absence of notice.

the present action to contest the will pursuant to R.C. 2107.71, which provides:

"(A) A person interested in a will or codicil admitted to probate in the probate court * * * may contest its validity by a civil action in the probate court in the county in which such will or codicil was admitted to probate."

The proceeding contemplated by R.C. 2107.71 is subject to the limitations period prescribed by R.C. 2107.76. This section provides in pertinent part:

"If within four months after a will is admitted to probate, no person files an action permitted by section 2107.71 of the Revised Code to contest the validity of the will, the probate shall be forever binding, except as to persons under any legal disability, or to such persons for four months after such disability is removed. * * *"

It is the contention of appellant that the failure of R.C. 2107.13 to provide actual notice to nonresident heirs who would take through intestacy upon invalidation of the will denies to them due process of law in violation of the Fourteenth Amendment to the United States Constitution. Appellees, in response, rely on the reasoning of the court of appeals that notice of the "non-adversarial" proceeding to admit the will to probate would have afforded no relief since "it is not appropriate to challenge a will in an application proceeding." See *In re Will of Hathaway* (1854), 4 Ohio St. 383. The foregoing analysis, however, focuses upon the nature of the initial proceeding rather than upon the effectiveness of the notice. It therefore begs the question as to whether notice has been given in a manner reasonably calculated to apprise one that his legally protected interests are in jeopardy.

Thus, in *Fuentes* v. *Shevin* (1972),

407 U.S. 67, 80, the United States Supreme Court remarked:

"For more than a century the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' *Baldwin* v. *Hale,* 1 Wall. 223, 233. See *Windsor* v. *McVeigh,* 93 U.S. 274; *Hovey* v. *Elliott,* 167 U.S. 409; *Grannis* v. *Ordean,* 234 U.S. 385. *It is equally fundamental that the right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner.' Armstrong* v. *Manzo,* 380 U.S. 545, 552." (Emphasis added.)

As applied to the procedures considered herein, *Fuentes* supports the contention of appellant that the opportunity to contest a will be given during the pendency of the probate proceeding. Otherwise, the period for challenging the will may well expire before an interested party is apprised of his opportunity to do so. See Fink, Ante-Mortem Probate Revisited: Can an Idea Have a Life After Death? (1976), 37 Ohio St. L. J. 264, 285; Note, Due Process — The Requirement of Notice in Probate Proceedings (1975), 40 Mo. L. Rev. 552, 558; Note, Validity of Probate Notice Statutes in Ohio (1958), 27 U. Cin. L. Rev. 76, 84.

Having concluded that due process demands that timely notice be given, it is necessary to determine whether appellant has been denied a constitutionally protected right under the facts of this case. In evaluating a challenge of this sort, it is necessary to inquire whether a protected interest exists and, if so, what process is due. *Logan* v. *Zimmerman Brush Co.* (1982), 455 U.S. 422, 428. Appellees maintain that appellant has failed to identify any constitutionally protected right. It is their contention that any right foreclosed by

lack of notice is limited to the opportunity of appellant to cross-examine witnesses to the will.[3]

The argument of appellees is unduly narrow in its view of protected interests. As previously mentioned, the failure to timely give notice to an interested party that a will has been admitted to probate effectively forecloses the opportunity for that individual to contest the will. The ability to contest the will clearly amounts to a "legally protected interest" entitled to constitutional protection. See *Schroeder* v. *New York* (1962), 371 U.S. 208, 212; *Boddie* v. *Connecticut* (1971), 401 U.S. 371, 379. See, also, *Allan* v. *Allan* (1976), 236 Ga. 199, 202, 223 S.E. 2d 445, 449. In any event, the claim advanced by appellant to a portion of the assets of the Robert Gardner estate clearly amounts to an assertion of a property interest under a traditional due-process analysis. It is immaterial whether the alleged property interest is characterized as vested or contingent. See *McKnight* v. *Boggs* (1984), 253 Ga. 537, 322 S.E. 2d 283; *Gano Farms, Inc.* v. *Estate of Kleweno* (1978), 2 Kan. App. 2d 506, 509, 582 P. 2d 742, 745; *In re Estate of Barnes* (1973), 212 Kan. 502, 511, 512 P. 2d 387, 395 (Schroeder, J., concurring).

We therefore agree with the court of appeals below that the status of appellant as a contingent beneficiary of the will of his grandfather supports his assertion that he possesses a property interest entitled to due-process protection.

Appellant has maintained throughout these proceedings that due process dictates that actual notice be afforded heirs whose whereabouts are reasonably ascertainable prior to admission of a will to probate. In support of this contention, appellant cites the following language from *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Milliken* v. *Meyer,* 311 U.S. 457; *Grannis* v. *Ordean,* 234 U.S. 385; *Priest* v. *Las Vegas,* 232 U.S. 604; *Roller* v. *Holly,* 176 U.S. 398. The notice must be of such nature as reasonably to convey the required information, *Grannis* v. *Ordean, supra,* and it must afford a reasonable time for those interested to make their appearance, *Roller* v. *Holly, supra,* and *cf. Goodrich* v. *Ferris,* 214 U.S. 71."

*Mullane* involved the failure of a trustee of a common trust fund to provide actual notice to beneficiaries thereof regarding a judicial proceeding for settlement of trust accounts. In holding that notice by publication was constitutionally insufficient, the court remarked:

---

[3] This contention is premised on the belief that, insofar as any constitutionally protected interests arise from state law, the rights of appellant are limited to those matters which he would be entitled to challenge in a proceeding for admission of a will to probate. The argument, of course, fails to acknowledge that admission of the will to probate is the triggering mechanism for the limitations period prescribed by R.C. 2107.76. It is this period within which a will contest must be initiated and during which any interests in the estate must be asserted. Recognition by the legislature that significant interests may be at stake is manifested by the requirement in R.C. 2107.13 that the surviving spouse and resident heirs receive notice of the operative event.

"As to known present beneficiaries of known place of residence, however, notice by publication stands on a different footing. Exceptions in the name of necessity do not sweep away the rule that within the limits of practicability notice must be such as is reasonably calculated to reach interested parties. Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency." 339 U.S. at 318.

Appellees contend that *Mullane* is clearly distinguishable from the case at bar. In support of this contention, appellees cite *Farrell* v. *O'Brien* (1905), 199 U.S. 89, and *In re Will of Hathaway, supra,* for the proposition that actual notice is not a constitutional requisite in probate proceedings.

These cases, however, pre-date *Mullane* and their continued vitality is in doubt. Moreover, since *Mullane,* the United States Supreme Court has applied its holding in various contexts. See *Robinson* v. *Hanrahan* (1972), 409 U.S. 38 (automobile forfeiture); *New York* v. *New York, N.H. & H. RR. Co.* (1953), 344 U.S. 293 (bankruptcy proceeding); *Schroeder* v. *New York* (1962), 371 U.S. 208, and *Walker* v. *Hutchinson* (1956), 352 U.S. 112 (land condemnation proceedings); *Covey* v. *Somers* (1956), 351 U.S. 141 (enforcement of tax lien); *Fuentes* v. *Shevin, supra* (replevin action); *Sniadach* v. *Family Finance Corp. of Bay View* (1969), 395 U.S. 337 (prejudgment garnishment of wages); *Mennonite Bd. of Missions* v. *Adams* (1983), 462 U.S. 791 (tax sale).

In addition, notice by publication in probate proceedings has been suc-cessfully challenged in state courts. See *Freitas* v. *Gomes* (1970), 52 Haw. 145, 472 P. 2d 494; *In re Estate of Barnes, supra; McKnight* v. *Boggs, supra; Continental Ins. Co.* v. *Moseley* (1984), 100 Nev. 337, 683 P. 2d 20. Significantly, the decision in *Moseley, supra,* was rendered after the previous judgment of the Nevada Supreme Court[4] upholding notice by publication was vacated and the case was remanded "for further consideration in light of *Mennonite Board of Missions* v. *Adams,* 462 U.S. 791 (1983)." *Continental Ins. Co.* v. *Moseley* (1983), 462 U.S. 1202.

Appellees urge further that *Mullane* can be distinguished from the case at bar on its facts. It is contended that *Mullane* was an *in personam* proceeding whereas the present matter involves an action *in rem.* This is precisely the distinction adopted in *In re Estate of Shew* (1956), 48 Wash. 2d 732, 296 P. 2d 667. It is questionable, however, whether any such distinction was recognized in *Mullane.* See *Mullane, supra,* at 312-313; Fink, Ante-Mortem Probate Revisited, *supra,* at 281. In any event, any perceived distinction between *in rem* and *in personam* proceedings with respect to constitutional due process was effectively eliminated in *Shaffer* v. *Heitner* (1977), 433 U.S. 186, 206.

Given the foregoing judicial developments, appellant maintains that R.C. 2107.13 is constitutionally deficient as applied to the facts of this case. Appellees reply that invalidation of R.C. 2107.13 would expose all estates to collateral attack.[5] The basis for this contention rests on our holding in *Scholl* v. *Scholl* (1930), 123 Ohio St. 1, 173 N.E. 305, that notice of probate

---

[4] *Continental Ins. Co.* v. *Moseley* (1982), 98 Nev. 476, 653 P. 2d 158.

[5] This concern is hardly inconsequential. See *In re Estate of Pierce* (1953), 245 Iowa 22, 28, 60 N.W. 2d 894, 898.

under R.C. 2107.13 is jurisdictional in nature. In response, appellant contends that it is unnecessary to invalidate the notice provisions of R.C 2107.13. Rather, he urges that only the statute of limitations be affected. It is unclear exactly what construction appellant would ascribe to the code sections in issue. As observed by the court of appeals, "appellant does not raise any challenge to R.C. 2107.13's limitation period as being unreasonable." It would appear, therefore, that appellant seeks to have the limitation period of R.C. 2107.76 tolled until such time as notice is received by an affected party.[6]

However, were this court to indulge in the construction of R.C. 2107.76 urged by appellant, he would nevertheless be barred from the relief he seeks. A constitutional challenge to the notice provisions of a state statute cannot be sustained where the party claiming a denial of procedural due process possessed actual knowledge of the facts which form the basis of the notice. The principle is clearly applicable to probate proceedings. In *Payne* v. *Bradford* (1973), 231 Ga. 487, 488, 202 S.E. 2d 422, 423, the Georgia Supreme Court observed:

"Where as in this case the parties complaining of the notice provisions of the Year's Support Statute (Code Ann. § 113-1002) had actual notice of such proceedings, they were not in a position to make a valid attack on the constitutionality of such provisions and the trial court was without authority to declare such Act unconstitutional on such ground."

See, also, *Chalaby* v. *Driskell* (1964), 237 Ore. 245, 248, 390 P. 2d 632, 633-634; *Tripp* v. *Tripp* (1962),

240 S.C. 334, 342, 126 S.E. 2d 9, 13, 93 Ohio Law Abs. 565, 570; *Continental Coffee Co.* v. *Estate of Clark* (1968), 84 Nev. 208, 212, 438 P. 2d 818, 821; *New York Merchandise Co.* v. *Stout* (1953), 43 Wash. 2d 825, 827, 264 P. 2d 863, 864; *Allan* v. *Allan, supra; Bryant* v. *Prior Tire Co.* (1973), 230 Ga. 137, 138, 196 S.E. 2d 14, 15.

The aforementioned authority merely restates in a probate context the operative principles which govern standing to bring a due-process challenge. Thus, in *Mallinckrodt Chemical Works* v. *Missouri, ex rel. Jones* (1915), 238 U.S. 41, 54, the United States Supreme Court remarked: "As has been often pointed out, one who seeks to set aside a state statute as repugnant to the Federal Constitution must show that he is within the class with respect to whom the act is unconstitutional, and that the alleged unconstitutional feature injures him." See, also, *Plymouth Coal Co.* v. *Pennsylvania* (1914), 232 U.S. 531, 544-545; *Southern Ry. Co.* v. *King* (1910), 217 U.S. 524, 534:

In the case at bar, appellant has failed to allege facts that would place him within the class injured by any unconstitutional feature of the Probate Code. Assuming, *arguendo,* that R.C. 2107.76 was tolled by the failure of the executor to provide appellant with notice of the probate proceeding, it is beyond question that the statute would begin running, at the latest, when appellant received actual knowledge of the death of his grandfather. The record fails to disclose any allegations on the part of appellant that the present action was commenced within four months of the date he became aware of the operative event. Moreover, he fails

---

[6] It must be observed at the outset that this precise argument was considered and rejected by the Missouri Supreme Court in *Haas* v. *Haas* (Mo. 1973), 504 S.W. 2d 44, 46.

to identify the precise date that knowledge was obtained.

While this court, in reviewing a motion to dismiss, must consider the facts alleged in a manner favorable to appellant, we are without authority to supply facts which are not contained in the record. Consequently, it is our determination that the present action was commenced more than four months after appellant had actual knowledge of the death of his grandfather. He therefore lacks standing to challenge the constitutionality of the notice provision of R.C. 2107.13 as applied to him. Accord *In re Estate of Cluck* (1959), 168 Neb. 13, 18, 95 N.W. 2d 161, 165.

We therefore hold that the constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not been injured by its alleged unconstitutional provision.

While the appellant herein lacks standing to challenge the notice provisions of R.C. 2107.13, the constitutionality of notice by publication to resident and nonresident heirs whose whereabouts are known to the applicant is questionable under the doctrines announced in *Mullane* and its progeny. The continued adherence to "constructive notice" where notice by mail provides "an efficient and inexpensive means of communication"[7] invites constitutional scrutiny.

In response to *Mullane,* some states have acted to amend their statutes to require mailed notice of probate proceedings.[8] The legislatures of other states have been urged by their courts and commentators to do likewise.[9] The time appears ripe for this issue to receive the attention of the General Assembly.

However, insofar as appellant lacked standing to challenge the constitutionality of R.C. 2107.13, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

LOCHER and HOLMES, JJ., concur in the syllabus and judgment only.

---

[7] See *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 319; *Greene* v. *Lindsey* (1982), 456 U.S. 444, 455; Note, Validity of Probate Statutes in Ohio (1958), 29 U. Cin. L. Rev. 76, 86-87.

[8] See *Williams* v. *Grossman* (1980), 409 Mich. 67, 90, 293 N.W. 2d 315, 323, at fn. 30.

[9] *Haas* v. *Haas, supra,* at 48 (Seiler, J., concurring); *Bryant* v. *Prior Tire Co.* (1973), 230 Ga. 137, 139-140, 196 S.E. 2d 14, 15 (Gunter, J., concurring); Note, Validity of Probate Statutes in Ohio, *supra,* at 86; Boyd, Constitutional, Treaty, and Statutory Requirements of Probate Notice to Consuls and Aliens (1961), 47 Iowa L. Rev. 29, 87-88; Fink, Ante-Mortem Probate Revisited: Can an Idea Have a Life After Death? (1976), 37 Ohio St. L. J. 264, 285.