OPINION
Appellant Michael Croston is appealing constitutional issues regarding Senate Bill 2 following his conviction in the Coshocton County Court of Common Pleas. The following facts give rise to this appeal.
On February 24, 1997, the Coshocton County Grand Jury indicted appellant on one count of possession of drugs and one count of conveying drugs of abuse onto grounds of a detention facility. Appellant sought treatment in lieu of conviction by way of a motion he filed on March 5, 1997. Following a hearing on appellant's motion, the trial court found appellant eligible for treatment in lieu of conviction and ordered appellant to undergo rehabilitation and placed appellant under the control of the Adult Parole Authority.
On August 14, 1997, the State filed a motion to revoke the treatment in lieu of conviction on the basis that appellant was unsuccessfully terminated from the drug treatment program. The trial court conducted a hearing, on the State's motion, on September 8, 1997. On this date, appellant entered a guilty plea to one count of possession of drugs. The State dismissed count two of the indictment. Following appellant's guilty plea, the trial court found appellant guilty as charged in count one of the indictment and ordered a pre-sentence investigation.
The trial court sentenced appellant on November 25, 1997, to a definite term of eight months, suspended appellant's driver's license for six months and imposed a three-year post-release control sanction. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE STRIPS APPELLANT OF ALL CONSTITUTIONAL AND STATUTORY PROTECTIONS DURING APPELLANT'S INCARCERATION, AND EVEN AFTER APPELLANT'S RELEASE.
 II. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE STRIPS APPELLANT OF THE PROTECTION AGAINST DOUBLE JEOPARDY UNDER THE STATE AND FEDERAL CONSTITUTION.
 III. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE DEPRIVES APPELLANT OF HIS RIGHT TO SUBSTANTIVE DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 IV. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE VIOLATES APPELLANT'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 V. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE SUBJECTS APPELLANT TO PENALTIES THROUGH STATUTORY PROVISIONS THAT VIOLATE THE DOCTRINE OF SEPARATION OF POWERS.
 I, II, III, IV, V
We will address all five of appellant's assignments of error simultaneously because appellant failed to challenge the constitutionality of the bad-time and post-release control provisions of Senate Bill 2 at the trial court level. We also find appellant lacks standing to challenge the constitutionality of Senate Bill 2.
 A. Plain Error
Crim.R. 52(B) provides:
 (B) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
Notice of plain error under this rule is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. See State v. Long
(1978), 53 Ohio St.2d 91; State v. Cooperrider (1983), 4 Ohio St.3d 226. Generally, constitutional error must be raised in the trial court in order to preserve the error for appellate review. State v. Abrams (1974),39 Ohio St.2d 53, 55. Therefore, a court of appeals may entertain a constitutional challenge which was not raised in the trial court only if the error is plain and consideration is warranted by the rights and interests involved. In Re: M.D. (1988), 38 Ohio St.3d 149, syllabus.
Appellant does not contend, on appeal, that he has suffered any injury by application of the challenged code sections. We find the alleged errors set forth by appellant, in his appellate brief, do not rise to the level of plain error, which would require this Court to address the alleged errors. Appellant has not been effected by the application of bad-time or post-release control provisions contained in Senate Bill 2.
 B. Standing
As noted above, appellant does not contend, on appeal, that he has been effected by the application of bad-time or post-release control provisions. As such, we find appellant lacks standing to challenge the constitutionality of these provisions contained in Senate Bill 2.
In State v. Sullivan (Feb. 27, 1998), Erie App. No. E-97-061, unreported, at 2, the Sixth District Court of Appeals addressed the issue of the constitutionality of the statutes challenged in the case subjudice and addressed the issue of standing:
 `The constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not been injured by its alleged unconstitutional provision.' Palazzi v. Estate of Gardner (1987), 32 Ohio St.3d 169, 512 N.E.2d 971, syllabus. `Constitutional questions will not be decided until the necessity for a decision arises on the record before the court.' Christensen v. Bd. Of Commrs. on Grievances and Discipline (1991), 61 Ohio St.3d 534, 535, 575 N.E.2d 790, citing State ex rel. Herbert v. Ferguson (1944), 142 Ohio St. 496, 52 N.E.2d 980, paragraph two of the syllabus. Standing to challenge the constitutionality of a statute `requires demonstration of, concrete injury in fact, rather than an abstract or suspected injury.' State ex rel. Consumers League of Ohio v. Ratchford
(1982), 8 Ohio App.3d 420, 457 N.E.2d 878.
We conclude, as did the court in Sullivan, appellant lacks standing to challenge the statutes. Appellant did not allege injury from application of the challenged code sections. Appellant also has not had his prison term extended pursuant to operation of the statute. Therefore, appellant does not have standing to challenge the provisions of Senate Bill 2 addressing bad-time and post-release control provisions. This conclusion is consistent with our previous decision in the case of State v. Shearn, et al.
(April 13, 1998), Coshocton App. Nos. 97-CA-10; 97-CA-12; 97-CA-19; 97-CA-25, unreported.
Appellant's assignments of error one through five are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.