OPINION
This case is before the court on appeal from a judgment of the common pleas court finding appellant, John Melchoir, Jr., guilty of gross sexual imposition, breaking and entering, and abduction and sentencing him to concurrent terms of imprisonment of eighteen months each on the first two counts and five to ten years on the third. The court also found appellant is an habitual sexual offender and ordered that he be subject to the community notification provisions set forth in R.C. 2950.10 and R.C.2950.11.
Appellant raises two assignments of error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO SENTENCE JOHN MELCHOIR PURSUANT TO SENATE BILL NO. 2.
 II. THE HEARING AND DETERMINATION BY THE TRIAL COURT THAT JOHN MELCHOIR WAS A HABITUAL SEXUAL OFFENDER PURSUANT TO R.C. CHAPTER 2950 VIOLATED HIS CONSTITUTIONAL RIGHTS UNDER ARTICLE I, SECTION 10 OF THE FIRST, THIRD, FOURTH, FIFTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE II, SECTION 28 AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
The court finds no merit in these contentions. Accordingly, the court will affirm appellant's convictions.
 PROCEDURAL HISTORY
Appellant was charged in a three-count indictment filed July 24, 1995. Count one charged him with attempted rape, count two charged him with aggravated burglary, and count three charged him with kidnapping. Each charge carried aggravated felony and violence specifications.
Following a bench trial on February 15, 1996, appellant was convicted of gross sexual imposition with specifications, breaking and entering, and abduction, all lesser included offenses of the charges stated in the indictment. The court then sentenced the appellant to concurrent terms of three to five years on counts one and two and a concurrent term of six to ten years on count three.
Appellant appealed to this court. In a decision entered January 27, 1997, this court determined there was insufficient evidence to support the trial court's findings on the aggravated felony and violence specifications. It therefore reversed the trial court's judgment in part and remanded for re-sentencing.
On May 19, 1997, the trial court resentenced appellant to concurrent terms of eighteen months' imprisonment on each of counts one and two and five to ten years' imprisonment on count three. The court also determined that appellant is an habitual sexual offender as defined in R.C. 2950.01(B) and ordered that he be subject to the registration and verification duties set forth in R.C. Chapter 2950 and to the community notification provisions of R.C. 2950.10 and R.C. 2950.11. Appellant timely appealed this decision on June 16, 1997.
This court stayed action on this appeal pending the Ohio Supreme Court's ruling in State v. Cook, Case No. 97-1985. The supreme court entered its ruling in Cook on September 30, 1998,83 Ohio St.3d 404. Thereafter, the stay was vacated.
 LAW AND ANALYSTS
Appellant first argues that the trial court should have sentenced him under the more lenient provisions of Senate Bill 2 rather than the stricter provisions in effect before July 1, 1996. The law in effect before July 1, 1996 provided that the offenses of which appellant was convicted were fourth degree felonies (counts one and two) and a third degree aggravated felony (count three) Under Senate Bill 2, count one was reduced to a fifth degree felony (with a maximum sentence of twelve months), count two remained a fourth degree felony (with a maximum sentence of eighteen months), and count three was reduced to a third degree felony (with a maximum sentence of five years). Thus, the sentence which could have been imposed under Senate Bill 2 would have been at least six months shorter than the sentence previously available on count one and five years shorter on count three; sentencing on count two would not have been affected.
Section 5 of Senate Bill 2 provided:
 The provisions of the Revised Code in existence prior to July 1, 1996 shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposed a term of imprisonment for an offense that was committed prior to that date.
This provision was later amended by Senate Bill 269 to specify that persons sentenced after July 1, 1996 for offenses committed before that date should be sentenced in accordance with the law in existence prior to July 1, 1996, "notwithstanding division(B)of Sec. 1.58 of the Revised Code." (Emphasis added.)
Appellant argues the "notwithstanding" language is an unconstitutional attempt to amend R.C. 1.58(B). State v. Rush
(1998), 83 Ohio St.3d 53, precludes appellant's argument. The court in Rush held that:
 The language at issue does not alter or modify R.C. 1.58 (B). It eliminates uncertainty as to S.B. 2's effective date by distinctly resolving any perceived conflict between Section 5 of S.B. 2 and R.C. 1.58(B). The phrase "notwithstanding division(B) of section 1.58 of the Revised Code" communicates the General Assembly's proactive purpose by arresting R.C. 1.58(B)'s operation in this instance. The language defines the time, as chosen by the General Assembly, at which the new provisions of S.B. 2 are to be applied and prior to which they are of no effect. R.C. 1.58(B) remains operable and unchanged for future application.
Therefore, the first assignment of error is overruled.
In his second assignment of error, appellant argues the 1997 amendments to the habitual sex offender registration statute are impermissible retroactive and ex-post facto laws and, therefore, are void under the Ohio and United States Constitutions. He also argues that the retroactive application of the amendments violates the due process, equal protection, and double jeopardy clauses of the Ohio and United States Constitutions. Finally, appellant asserts the registration and notification provisions constitute cruel and unusual punishment and violate his right to privacy.
Another recent decision of the Ohio Supreme Court precludes appellant's argument that R.C. Chapter 2950 is an unconstitutionally retroactive and ex-post facto law. In State v.Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court held that R.C. Chapter 2950 is neither impermissibly retroactive nor an expost facto law. The court held the registration and address verification provisions are de minimis procedural requirements and are remedial in nature, and the public notification provisions do not impinge on any substantive right of the offender; therefore, the statute is not unconstitutionally retroactive. Moreover, the supreme court determined the statute is neither intended to punish nor has a punitive effect, so it does not violate the ex-post facto clause of the United States Constitution.
The supreme court's determination that R.C. Chapter 2950 is not punitive effectively resolves appellant's claims that the statute imposes a "cruel and unusual punishment" and violates the constitutional prohibition against double jeopardy. As this court has recently noted in a case involving the analogous sexual predator classification, the statute does not impose a punishment, so it cannot be a prohibited "cruel and unusual" punishment. State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371. unreported, at 31-32. Moreover, the double jeopardy clauses prohibition against multiple prosecutions or punishments does not apply. Id. at 32; see, also, Kansas v. Hendricks (1997),117 S.Ct. 2072, 2085-86.
Appellant contends that R.C. Chapter 2950 violates his right to privacy. The constitutional right to privacy protects an individuals interest in avoiding disclosure of personal matters.Whalen v. Roe (1977), 429 U.S. 589, 599. The interests protected by this right are limited to those that are fundamental, including "matters relating to marriage, procreation, contraception, family relationship, and child rearing and education." Paul v. Davis (1976), 424 U.S. 693, 713.
"As to the dissemination of information regarding the of fenders status, a conviction has always been public record."State v. Cook, 83 Ohio St.3d at 413. Public information is, by definition, not confidential or subject to constitutional protection. See State ex rel. Plain Dealer Publishing Co. v.Cleveland (1996), 75 Ohio St.3d 31, 34-35; Ohio Domestic ViolenceNetwork v. Public Util. Comm. of Ohio (1994), 70 Ohio St.3d 311,318-19. Therefore, R.C. Chapter 2950 does not violate appellant's right to privacy. State v. Ward (Jan. 29, 1999), Cuyahoga App. No. 72371, unreported, at 33-34.
Finally, appellant argues the statute violates his due process and equal protection rights. Appellant argues R.C. Chapter 2950 carves out a special, "suspect class" of sex offenders who were serving sentences at the time the statute became effective and treats them differently from either offenders who previously completed their sentences (who are not subject to the registration and notification provisions) or later offenders. Appellant lacks standing to raise this argument. Appellant was sentenced after R.C. Chapter 2950 became effective, so he is not a member of the asserted suspect class. See Palazzi v. Estate ofGardner (1987), 32 Ohio St.3d 169, 175; cf. State v. Ward (Jan. 29, 1999), Cuyahoga App. No. 72371, unreported, at 21-22.
For these reasons, appellant's second assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, JUDGE.
DIANE KARPINSKI. P.J., and
ANNE L. KILBANE, J. CONCUR.