OPINION
Barbara Aunspaw appeals from the summary judgment entered by the trial court in favor of the appellee, Gerald Gunnoe, upon Ms. Aunspaw's complaint for legal malpractice.
Barbara and Paul Aunspaw were married in 1961 and their marriage ended as the result of a dissolution decree on April 29, 1982. Prior to the dissolution of their marriage, Paul Aunspaw made out a will on January 7, 1982 wherein he gave his entire estate to Barbara. The will provided in pertinent part:
 ITEMS THREE. In making this Will, it is the present intention of Barbara and I to proceed to a Dissolution of our marriage. Such an ending in our marriage shall in no way affect this Will, it shall not revoke it, or any portion thereof. (Emphasis added).
The Aunspaws agreed in a separation agreement which was made part of the dissolution that Barbara Aunspaw would quit claim her interest in the parties' real estate, the "Dayton" residence and the lakefront property, to Paul. The parties agreed that Barbara could continue to live in the Dayton residence until she remarried.
In 1992 Paul Aunspaw married Jean Whittington and that marriage ended in divorce five months later. On April 30, 1997, Paul died and on May 13, 1997 Barbara filed an application to probate the January 7, 1982 will and for authority to administer the estate as the named fiduciary. Barbara listed in her application as next of kin, legatees or devisees only herself and the decedent's sisters. Jean Whittington was not listed in the application. On the same day the probate court admitted the will to probate and appointed Barbara as executrix of the estate.
On May 28, 1997, Jean Whittington filed an application to probate a codicil to Paul's 1982 will which purported to leave the "Dayton" property and certain automobiles to Jean Whittington. The codicil was dated November 14, 1996. Ms. Whittington listed herself, Barbara Aunspaw, and the decedent's sisters as next of kin, legatees or devisees. On the same day, the probate court admitted the codicil to probate and vacated its previous order probating the May 13, 1997 will. The order was prepared by counsel for Jean Whittington and her counsel certified he sent a copy of the application and order to Douglas Carter, attorney for the estate.
On June 3, 1997, Barbara Aunspaw again applied for authority to administer the estate of Paul Aunspaw. She represented that her husband's will had been admitted to probate. She listed the deceased's sisters as next of kin. Again the probate court appointed her as executrix of the estate.
On July 28, 1997, Jean Whittington moved the court to remove Barbara Aunspaw as executrix. Counsel for Ms. Whittington certified that he served Barbara and her lawyer with a copy of the motion and a notice of the hearing date of August 28, 1997. On August 11, 1997 Ms. Aunspaw filed a certificate that all persons required to receive notice as provided in R.C. 2107.19(A)(1) had received notice of the will having been admitted to probate. She attached proof of service on everyone but herself. On September 16, 1997, the trial court removed Barbara Aunspaw as executrix and appointed attorney Harry Beyoglides as administrator of the estate with the codicil will annexed.
On December 19, 1997, Barbara Aunspaw filed a will contest in the probate court contending that the codicil was not signed by Paul Aunspaw. On December 23, 1997, Ms. Whittington moved to dismiss the action contending that it was not timely filed pursuant to R.C. 2107.76. On May 1, 1998, the probate court sustained the motion to dismiss without explanation.
After the probate court dismissed the action, Ms. Aunspaw informed Mr. Gunnoe that she no longer wished to employ his services. (Gunnoe deposition at 30-31). Gunnoe stated he remembered telling Ms. Aunspaw within the appeal period that she had thirty days to appeal the probate court's decision dismissing the will contest proceeding. Ms. Aunspaw did not appeal the probate court's decision.
On December 11, 1998, Ms. Aunspaw filed her complaint alleging that Gunnoe negligently failed to commence the will contest action within the time limits provided by law. After the matter was at issue, she moved for a partial summary judgment on the issue of liability.
Gunnoe filed a memorandum in opposition to the plaintiff's motion and moved for summary judgment in his own right. He argued that he was entitled to summary judgment because he argued the time for filing a will contest never began to run because Mrs. Whittington never certified that she had served Ms. Aunspaw with notice that the codicil had been admitted to probate as required by R.C. 2107.19(A)(4).
In granting summary judgment to Gunnoe, and in overruling Ms. Aunspaw's motion, the trial court noted that Ms. Aunspaw had failed to produce expert testimony that Gunnoe had failed to exercise the knowledge, skill and ability ordinarily possessed and exercised by the legal profession under similar circumstances. The court noted it was unable to find any Ohio decision "which holds that a failure to file within the statute of limitations constitutes a breach for which no expert testimony is required."
R.C. 2107.76 provides as follows:
 No person who has received or waived the right to receive the notice of the admission of a will to probate required by section 2107.19 of the Revised Code may commence an action permitted by section 2107.71 of the Revised Code to contest the validity of the will more than four months after the filing of the certificate described in division (A)(3) of section 2107.19 of the Revised Code certifying the giving of that notice to or the waiver of that notice by that person.
R.C. 2107.01 provides that "will" includes codicils to wills admitted to probate, lost, spoliated, or destroyed wills, and instruments admitted to probate under section 2107.081 of the Revised Code.
In a single assignment of error, Ms. Aunspaw argues the trial court erred in finding that she had to present an expert witness to prove that Mr. Gunnoe committed malpractice in failing to file the will contest within the statute of limitations period., Appellant argues that she was not required to produce expert testimony because the defendant's breach of duty was so obvious that it could be determined as a matter of law, or was within the ordinary knowledge and experience of the layman. CitingBloom v. Dieckmann (1983), 11 Ohio App.3d 202,203.
R.C. 2107.22 provides that when a will has been admitted to probate by a probate court and another will of later date is presented to the same court for probate, notice of the will of later date shall be given to those persons required to be notified under section 2107.19 of the Revised Code, and to the fiduciaries and beneficiaries under the will of earlier date. The notice of the admission of the will to probate required by R.C. 2107.19 shall be given or filed by the fiduciary for the estate or by the applicant for the admission of the will to probate. See R.C. 2107.19. Ms. Aunspaw as a fiduciary and beneficiary under the first will was required to be notified that the codicil had been admitted to probate. Instead counsel for Ms. Whittington merely served counsel for the "estate," Douglas Carter. Indeed Barbara Aunspaw stated in her affidavit that the first time she received notice of the probate of the will and codicil was when her attorney copied the court's file and reviewed it with her in preparation for the March 9, 1998 hearing.
The document subject to contest was the November 14, 1996 codicil. The time limit for contesting the validity of that document could not begin to run until Ms. Aunspaw or Ms. Whittington "certified" that she had provided the notice required by R.C. 2107.19 or 2107.22.[1]
Accordingly, Gerald Gunnoe breached no legal duty to his client for failing to file the will contest within four months of the codicil's admission to probate. Barbara Aunspaw did not allege in her complaint that Gunnoe's alleged malpractice was his failure to appeal the probate court's erroneous dismissal of the will contest proceeding. Accordingly, we find the trial court properly granted summary judgment in favor of Gerald Gunnoe for the reason asserted in Gunnoe's trial court memorandum which we find persuasive. The assignment of error is overruled.
Judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.
[1] The failure to give timely notice to an interested party that a will has been admitted to probate effectively forecloses the opportunity for that individual to contest the will. The ability to contest the will clearly amounts to a "legally protected interest" entitled to constitutional protection. See Palazzi v. Estate of Gardner (1987),32 Ohio St.3d 169, 172.