DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Ronald Brooks, Abraham Bowen, Jeffrey York, and Steve Keller have challenged the constitutionality of the Adam Walsh Act amendments to Chapter 2950 of the Ohio Revised Code, also referred to as the Sexual Offender Registration and Notification Law. The Petitioners have argued that the new law is unconstitutional as applied retroactively to those who were first classified under an earlier version of the law. The trial court held that the residency restrictions of the Adam Walsh Act are unconstitutional and that denying indigent offenders appointed counsel "is a denial of procedural due process and substantial justice." The trial court held that the extended reporting requirements and reclassification system were constitutional and "denied" "[a]ll remaining arguments . . . contesting reclassification and constitutional issues." *Page 2 
 {¶ 2} The State has appealed, and its assignments of error are sustained because Petitioners lack standing to contest either the right to counsel or the residency restrictions of the new law. The Petitioners have cross-appealed, arguing that the trial court incorrectly held that the Adam Walsh Act did not violate their right to due process, operate as an ex post facto law, or subject them to double jeopardy. The Petitioners have further argued that the trial court incorrectly failed to address whether the Act violates the doctrine of separation of powers or the Contract Clause of the Ohio or United States Constitution. The trial court denied several of the Petitioners' claims without discussion, but did not fail to address any of their arguments. The Petitioners' first four assignments of error are overruled because the contested provisions of the Adam Walsh Act are constitutional. The Petitioners' fifth assignment of error is overruled because they lack standing to contest the retroactive application of the new law to offenders who had entered into plea agreements under the old law.
 BACKGROUND {¶ 3} In 2003, Ronald Brooks pleaded guilty to and was convicted of illegal use of a minor in a nudity-oriented performance and pandering obscenity involving a minor. At sentencing, he was classified as a sexually oriented offender under the version of Chapter 2950 that became effective in 1997. He was required to register as a sexually oriented offender once per year for ten years. In 2007, Ohio's General Assembly adopted Senate Bill 10, Ohio's version of the Adam Walsh Act, and amended Chapter 2950 accordingly. Mr. Brooks was notified by letter that he was being reclassified, as of January 1, 2008, as a Tier II sex offender. Following reclassification, Mr. Brooks would be required to register once every 180 days for twenty-five years. *Page 3 
 {¶ 4} Mr. Brooks filed a petition contesting his reclassification, arguing that the Adam Walsh Act amendments are unconstitutional as applied to him because he was convicted and sentenced under the old law. In his petition, Mr. Brooks argued, among other things, that the new law, as applied to him, violated his right to due process, the doctrine of separation of powers, and the ban on ex post facto laws, as well as the Contract and Double Jeopardy Clauses of the Ohio and United States Constitutions. The trial court consolidated his case with those of three other offenders who were originally classified under previous versions of Chapter 2950 and contested their reclassification under the Adam Walsh Act amendments in nearly identical petitions. Each of the four Petitioners was represented by the same lawyer in the trial court and on appeal.
 {¶ 5} Abraham Bowen pleaded guilty to, and was convicted of, corruption of a minor in 2000. He was classified as a sexually oriented offender under Megan's Law until the change mandated his reclassification as a Tier II sex offender. Under the new system, he is required to register every 180 days for 25 years.
 {¶ 6} After pleading guilty, Jeffrey York was convicted of attempted rape in 1997. He was required to register as a sexually oriented offender until he received notification from the Attorney General that he was being reclassified as a Tier III sex offender. Under the new system, he is required to register every 90 days for life and is subject to community notification requirements.
 {¶ 7} Steve Keller pleaded guilty to and was convicted of attempted rape in 1988. He registered as a sexually oriented offender until he received notice that he would be reclassified as a Tier III sex offender, requiring him to register every 90 days for life. As a Tier III sex offender, he is also subject to the community notification requirements. *Page 4 
 {¶ 8} The trial court held a hearing on the petitions to contest reclassification. The trial court held that the extended reporting requirements and reclassification system of the Adam Walsh Act are constitutional and do not violate the Ex Post Facto clauses or retroactivity provisions of the state or federal constitutions. The trial court also held that the current version of Section 2950.03.4, the section dealing with residency requirements, is unconstitutional because it violates the Ex Post Facto Clause of both the Ohio and United States Constitutions. The trial court further held that the failure to provide counsel for indigent petitioners facing reclassification under the current version of the law is unconstitutional and a violation of procedural due process.
 RESIDENCY REQUIREMENTS {¶ 9} The State's first assignment of error is that the trial court incorrectly held that the expanded residency restrictions for sex offenders, under Section 2950.03.4 of the Ohio Revised Code, violate the Ex Post Facto Clause of the Ohio and United States Constitutions. The State has argued that, based on Hyle v. Porter, 117 Ohio St. 3d 165,2008-Ohio-542, the trial court should have ruled that the residency restrictions of the Adam Walsh Act could only be applied prospectively to those offenders who both purchased a home and committed a sexually oriented offense after the effective date of the new law.
 {¶ 10} Section 2950.03.4 provides that "[n]o person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises or preschool or child day-care center premises." R.C. 2950.034(A). In Hyle v. Porter, the Ohio Supreme Court held that the residency requirements of the previous version of the statute, then codified at Section 2950.03.1, could not be applied *Page 5 
retroactively to an offender who bought his home and committed his offense before the effective date of the statute. Hyle, 2008-Ohio-542, at syllabus.
 {¶ 11} The Ohio Supreme Court has also held that, "[t]he constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not been injured by its alleged unconstitutional provision." Palazzi v.Estate of Gardner, 32 Ohio St. 3d 169, syllabus (1987). "[A] hypothetical or potential injury" will not give a person standing to challenge the constitutionality of a statute. State v. Spikes,129 Ohio App. 3d 142, 145 (1998).
 {¶ 12} In this case, there was no evidence that any of the four Petitioners either occupied a residence within the proscribed distance of a school, preschool, or daycare center or that they had been forced to move from such an area. The Petitioners "have also failed to demonstrate that they have any present or imminent intention of moving to a residence within [the proscribed area]." Coston v. Petro,398 F. Supp. 2d 878, 884 (S.D. Ohio 2005). As they have shown no actual or imminent deprivation of rights due to its application, the Petitioners lack standing to challenge the constitutionality of Section 2950.03.4 of the Ohio Revised Code. See id. at 884, 887; State v. Williams, 12th Dist. No. CA2008-02-029, 2008-Ohio-6195, at ¶ 93. The State's first assignment of error is sustained.
 RIGHT TO COUNSEL {¶ 13} The State's second assignment of error is that the trial court incorrectly held that "denying indigent petitioners [who are contesting reclassification under the Adam Walsh Act] appointed legal counsel is a denial of procedural due process and substantial justice." The State has argued that petitions filed under Sections 2950.03.1 and 2950.03.2 of the Ohio Revised Code begin a new civil proceeding for which the petitioner is not entitled to court-appointed counsel. *Page 6 
The Petitioners have argued that reclassification institutes a new criminal penalty, however, making the reclassification hearing a critical stage of the proceedings for which the court must appoint counsel.
 {¶ 14} Although three of the four Petitioners in this consolidated case filed affidavits of indigency, none moved for appointment of counsel. More importantly, the record reflects that all the Petitioners were represented by the same lawyer throughout the proceedings. Therefore, they did not have standing in the trial court to challenge the constitutionality of a denial of the assistance of appointed counsel for a reclassification hearing under the Adam Walsh Act. SeePalazzi, 32 Ohio St. 3d 169, at syllabus. The State's second assignment of error is sustained.
 DUE PROCESS {¶ 15} The Petitioners' first assignment of error is that the trial court incorrectly held that retroactive application of the Adam Walsh Act did not result in an unconstitutional deprivation of the due process of law. The Petitioners have argued that reclassification, without a hearing, under the Adam Walsh Act deprived them of a protected liberty interest in their "settled expectation" that their duty to register would expire after ten years. In support of this position, the Petitioners have cited the Alaska Supreme Court's decision in Doe v.Alaska Dep't of Public Safety, 92 P.3d 398 (Alaska 2004).
 {¶ 16} In Doe, the Alaska Supreme Court held that Alaska's newly enacted version of the Adam Walsh Act could not be applied to a sex offender whose conviction had been set aside before the law was enacted.Id. at 412. That holding, however, was based, at least in part, on the determination that a protected liberty interest arose from the set-aside order. Id. at 410. The facts of Doe are distinguishable, and the decision is, therefore, not instructive in this case. *Page 7 
 {¶ 17} In order to trigger the protection of the Due Process Clauses of the federal and state constitutions, "a sexual offender must show that he was deprived of a protected liberty or property interest as a result of the registration requirement." State v. Hayden,96 Ohio St. 3d 211, 2002-Ohio-4169, at ¶ 6. The Ohio Supreme Court has held that, "[e]xcept with regard to constitutional protections against ex postfacto laws[,] . . . felons have no reasonable right to expect that theirconduct will never thereafter be made the subject of legislation"State v. Cook, 83 Ohio St. 3d 404, 412 (quoting State ex rel. Matz v.Brown, 37 Ohio St. 3d 279, 281-82 (1988)). Thus, sexual offenders have no protected liberty interest or even a reasonable expectation of finality in the terms of their registration and reporting obligations.Id. at 413-14; State v. King, 2d Dist. No. 08-CA-02, 2008-Ohio-2594, at ¶ 33 ("Indeed, Cook indicates that convicted sex offenders have no reasonable `settled expectations' or vested rights concerning the registration obligations imposed on them.").
 {¶ 18} The Petitioners in this case have failed to show that they were deprived of a protected liberty or property interest. See Cook,83 Ohio St. 3d at 412; see also King, 2008-Ohio-2594, at ¶ 33. Therefore, the reclassification of the Petitioners under the Adam Walsh Act, without a hearing, did not violate their constitutional right to due process of law. The Petitioners' first assignment of error is overruled.
 EX POST FACTO LAW {¶ 19} The Petitioners' second assignment of error is that the retroactive application of the Adam Walsh Act in their cases violates the constitutional prohibition against ex post facto laws because it increases the punishment for the crime after it was committed. Based on the fact that the new system of categorizing sex offenders is not based on a likelihood of recidivism and the General Assembly codified portions of the new law in the penalties and sentencing chapter of *Page 8 
the Ohio Revised Code, the Petitioners have argued that the Adam Walsh Act was enacted to further penalize sex offenders. They have also argued that, regardless of legislative intent, the effect of the Adam Walsh Act is to impose an affirmative disability or restraint on offenders convicted prior to its enactment.
 {¶ 20} This Court has previously considered and rejected these arguments. State v. Honey, 9th Dist. No. 08CA0018-M, 2008-Ohio-4943, at ¶ 12-19. This Court has concluded that the Ohio General Assembly expressed an intention for the Adam Walsh Act to be civil and non-punitive and the Act is not so punitive in effect as to negate that intention. Id. at ¶ 19. The application of the Adam Walsh Act to sexual offenders who committed their crimes before the enactment of the new law does not violate the ban on ex post facto laws. Id. The Petitioners' second assignment of error is overruled.
 DOUBLE JEOPARDY {¶ 21} The Petitioners' third assignment of error is that the registration and community notification provisions of the Adam Walsh Act violate the Double Jeopardy Clause of the Ohio Constitution. Both the Ohio and United States Constitutions prohibit a second criminal punishment for the same offense. State v. Williams, 88 Ohio St. 3d 513,527-28 (2000). "The threshold question in a double jeopardy analysis . . . is whether the government's conduct involves criminal punishment."Id. at 528.
 {¶ 22} This Court has held that the expanded registration requirements of the Adam Walsh Act are civil and non-punitive in nature.Honey, 2008-Ohio-4943, at ¶ 19. On that basis, this Court has also held that the expanded registration requirements of sexual offenders under the Adam Walsh Act does not subject them to double jeopardy. State v.Reinhardt, 9th Dist. No. 08CA0012-M, 2009-Ohio-1297, at ¶ 28 (citingWilliams, 88 Ohio St. 3d at 528). This Court, *Page 9 
however, did not encounter a challenge to the community notification provisions of the Adam Walsh Act in either Reinhardt or the earlier case of State v. Honey, 2008-Ohio-4943.
 {¶ 23} Two of the four Petitioners in this case were reclassified as Tier III sex offenders, and they challenged the application of the community notification requirements of the Adam Walsh Act. In State v.Williams, the Ohio Supreme Court rejected a double jeopardy challenge to a previous version of Chapter 2950, based on its holding in State v.Cook, 83 Ohio St. 3d 404, 418-20 (1998). Williams,88 Ohio St. 3d at 528. The Supreme Court reasoned that that version of Chapter 2950 did not violate the Double Jeopardy Clause because, in Cook, the Supreme Court had held the Chapter was not "criminal" and the registration and notification provisions did not involve "punishment." Williams,88 Ohio St. 3d at 528. In Cook, the Supreme Court considered that Chapter 2950 required dissemination of the offenders' registration information to certain persons. Cook, 83 Ohio St. 3d at 418-20. The Court acknowledged the fact that dissemination of that information "could have a detrimental effect on offenders, causing them to be ostracized and subjecting them to embarrassment or harassment." Id. at 418. The Court in Cook also noted that, despite the detrimental effect of the notification procedures for the registrants, "the sting of public censure does not convert a remedial statute into a punitive one."Id. at 423.
 {¶ 24} Following expansion of the community notification provisions of Chapter 2950, the Ohio Supreme Court continued to hold the statute was remedial and not punitive. State v. Ferguson, 120 Ohio St. 3d 7,2008-Ohio-4824, ¶ 43. In State v. Ferguson, an offender argued that the 2003 amendments "subjected [him] to the increased burdens and publicity attendant to having to register wherever he lives, works or studies, and . . . state-wide internet dissemination that is mandated by law, not simply permitted." Id. at ¶ 31. The Supreme Court *Page 10 
"acknowledge[d] that R.C. Chapter 2950 may pose significant and often harsh consequences for offenders," id. at ¶ 32, but noted that "whether a sanction constitutes punishment is not determined from the defendant's perspective, as even remedial sanctions carry the `sting of punishment.'" Id. at ¶ 39 (quoting Dep't of Revenue of Mont. v. KurthRanch, 511 U.S. 767, 777 n. 14 (1994)). The Supreme Court held that the version of Chapter 2950 that became effective in 2003 remained "a civil, remedial statute." Id. at ¶ 43.
 {¶ 25} The Fourth District Court of Appeals, in considering a challenge to the current version of Chapter 2950, acknowledged that the new law has again "strengthened the registration and community notification provisions of Chapter 2950 and lengthened the registration periods for most offenders." State v. Netherland, 4th Dist. No. 08CA3043, 2008-Ohio-7007, at ¶ 14. Still, the court remained unconvinced "that the Ohio Supreme Court would view the issues of criminality and punishment as applied to Chapter 2950 in the Cook and Williams decisions any differently with regard to the [current version of Chapter 2950]."Id. (citing In re Smith, 3d Dist. No. 01-07-58, 2008-Ohio-3234, at ¶ 38; State v. Byers, 7th Dist. No. 07CO39, 2008-Ohio-5051, at ¶ 103). This Court agrees and concludes that neither the registration nor the community notification provisions of the Adam Walsh Act inflict punishment. See also Reinhardt, 2009-Ohio-1297, at ¶ 28. As this Court has determined that the Adam Walsh Act is not a criminal statute and neither the registration provisions nor the notification provisions inflict punishment, the application of the Adam Walsh Act to offenders previously classified under the old law does not place the offender in double jeopardy. See Honey, 2008-Ohio-4943, at ¶ 19; Reinhardt,2009-Ohio-1297, at ¶ 28. The Petitioners' third assignment of error is overruled. *Page 11 
 SEPARATION OF POWERS {¶ 26} The Petitioners' fourth assignment of error is that the Adam Walsh Act violates the constitutional doctrine of separation of powers by legislatively overturning final court and administrative adjudications and requiring the attorney general to impose criminal punishment and overrule final adjudications. This Court has held that the Adam Walsh Act does not violate the doctrine of separation of powers. Reinhardt, 2009-Ohio-1297, at ¶ 29. Therefore, the Petitioners' fourth assignment of error is overruled.
 CONTRACT CLAUSE {¶ 27} The Petitioners' fifth assignment of error is that, as retroactively applied to offenders who entered into plea agreements with the State, the Adam Walsh Act violates the constitutional prohibition against impairing contractual obligations. Both the Ohio and United States Constitutions prohibit laws impairing the obligations of contracts. U.S. Const. Art. I, § 10, cl. 1; Ohio Const. Art. II, § 28. Specifically, the Petitioners have argued that "[c]ertain offenders" entered into plea agreements with the State and the retroactive application of the Adam Walsh Act to them "imposes new and additional obligations, and constitutes a breach of the offender's plea agreement." The Petitioners have made no effort to point out who among them entered into plea agreements, and the record on appeal does not contain any plea agreement or transcript of a plea hearing. The Petitioners, therefore, lack standing to make this argument. Palazzi v. Estate of Gardner,32 Ohio St. 3d 169, syllabus (1987). The Petitioners' fifth assignment of error is overruled.
 CONCLUSION {¶ 28} The State's assignments of error are sustained because the Petitioners lack standing to challenge the constitutionality of aspects of Senate Bill 10 that have not caused them *Page 12 
any harm, including residency requirements and the failure to provide for appointed counsel for reclassification hearings. To the extent that the judgment of the Lorain County Common Pleas Court addressed the residency requirements and an offender's right to counsel under Chapter 2950 of the Ohio Revised Code, it is vacated.
 {¶ 29} The Petitioners' assignments of error are overruled. The reclassification of the Petitioners under the Adam Walsh Act, without a hearing, did not violate the Petitioners' constitutional right to due process of law. The application of the Adam Walsh Act to sexual offenders who committed crimes before the enactment of the new law does not violate the ban on ex post facto laws. Neither the registration nor the community notification provisions of the Adam Walsh Act violate the Double Jeopardy Clause of either the Ohio or United States Constitutions. The Adam Walsh Act does not violate the doctrine of separation of powers. The Petitioners lack standing to challenge whether the retroactive application of the Adam Walsh Act to offenders who entered into plea agreements with the State violates the Contract Clause of either the Ohio or United States Constitutions. To the extent that the judgment of the trial court determined Chapter 2950 of the Ohio Revised Code to be constitutional, it is affirmed. The judgment of the Lorain County Common Pleas Court is vacated in part, affirmed in part, and this matter is remanded for further proceedings consistent with this opinion.
Affirmed in part,
vacated in part,
and cause remanded.
The Court finds that there were reasonable grounds for this appeal. *Page 13 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to all parties equally.
WHITMORE, J. CONCURS.